[Civ. No. 10622. First Appellate District, Division Two.—November 22, 1937.]

FREDERIC FOSTER, Appellant, v. PENSION BOARD OF THE CITY OF ALAMEDA et al., Respondents.

Philip O. Solon for Appellant.

H. Albert George, City Attorney, for Respondents.

SPENCE, J.—Petitioner sought a writ of mandate to compel respondents to make certain payments claimed to be due under a pension ordinance. From a judgment denying the writ, petitioner has appealed.

This controversy arose under a pension ordinance of the city of Alameda. Said ordinance was originally adopted in 1925 and was known as Ordinance 276, New Series. A pension fund was thereby created together with a pension board to administer the same. Provision was made for pension payments to members of the police and fire departments who might be retired from active service, voluntarily or involuntarily, after various specified periods of service. In the event of service for 25 years before retirement, the monthly pension was to be paid in an amount equal to one-half the monthly salary. Said ordinance was amended in 1933 by an ordinance known as Ordinance 503, New Series. The

main purpose of the amendment was to deal with pensions in those cases in which members of the police and fire departments might be retired on account of disability. It provided for payment of a monthly pension in such cases in an amount equal to one-half the monthly salary, regardless of the length of service prior to such retirement, but subject to the limitations hereinafter set forth. Section 3 (d) of said ordinance as amended read as follows:

"The monthly pensions payable under this ordinance shall not be additional to any monthly compensation insurance payable to any member of the police or fire department in case of accident resulting in the course of his employment, *unless the compensation payments are less than one-half (½) of the salary of the member,* provided that when the monthly compensation insurance has been fully paid, the monthly pension will thereupon and thereafter be payable, *except as herein provided.*

"In case the compensation insurance awarded by the Industrial Accident Commission shall be payable in a lump sum, the Pension Board shall not make monthly payments of the pension to any member until the expiration of the period of time covered by the permanent disability rating, provided in the event said member be awarded compensation for life, said amount shall be payable to said member from the Compensation Fund. *The amount of such compensation and the amount of pension allowed by the Board shall not in any event, exceed one-half (½) of the member's salary at the time of his injury.*"

The italics are ours and the italicized portions are those stressed by the respective parties on this appeal.

Certain issues were made by the petition, and the answer thereto but the parties stipulated in the trial court with respect to all of the essential facts. Petitioner was a lieutenant in the fire department receiving a salary of $185 per month at the time he sustained an injury to his knee. He was subsequently retired because of disability resulting from said injury, said retirement being effective as of November 1, 1936. He was paid a pension from said pension fund in the sum of $92.50 per month for each of the months of November and December, 1936. In January, 1937, the respondents learned for the first time that petitioner had received from the city's insurance carrier on account of said disability the

sum of $53.44 for the month of November, 1936, and the sum of $55.22 for the month of December, 1936. After notice to petitioner and a hearing held on February 3, 1937, the respondent board passed a resolution reciting the foregoing facts and finding that the total pension to which petitioner was entitled for said two months of November and December, 1936, amounted to $76.34 instead of the total of $185 which had been paid and that the difference, amounting to $108.66, had been paid in error and was owing by petitioner to said pension fund. The resolution then ordered ''that beginning with the month of January, 1937, and continuing so long as said Frederic Foster continues to receive compensation under said Workmen's Compensation Insurance and Safety Act the amount of monthly pension payable to said Frederic Foster shall be a sum equal to the difference between one-half of the monthly salary of a member of the rank of Lieutenant in the fire department and the amount of compensation received by said Frederic Foster during any such month, and that when said compensation payments shall cease the full amount of pension shall thereupon and thereafter be payable.'' It further ordered that said sum of $108.66, found owing to the pension fund by petitioner, be deducted in four equal amounts from the monthly pension payments due for the months of January, February, March and April, 1937.

Petitioner contends that, under said pension ordinance, he was entitled to a monthly pension of $92.50 being an amount equal to one-half the monthly salary and that the trial court therefore erred in denying the writ. Respondents, on the other hand, contend that petitioner was entitled only to a monthly pension equal to the difference between one-half of the monthly salary and the amount of compensation received by appellant for the corresponding month. We are of the opinion that petitioner's contention cannot be sustained and that respondent's position is correct under the ordinance in question.

From what has been said, it is apparent that the monthly compensation payments received by petitioner were less than one-half of the monthly salary of $185 per month. What then was the amount due him by way of pension? It is conceded by the parties that said section 3 (d) of the pension ordinance is loosely drawn, but the last above quoted sentence thereof

seems to be entirely clear and to be determinative of this controversy. It reads, "The amount of such compensation and the amount of pension allowed by the Board shall not *in any event*, exceed one-half of the member's salary at the time of his injury." (Italics ours.) Whether this sentence is read alone or in connection with all of the other provisions of the ordinance, we find no ambiguity in the meaning of the ordinance as applied to the facts before us. ■ But even assuming that there may be said to be some ambiguity in the ordinance in its application to situations such as the present one, the construction placed upon the ordinance by petitioner would lead to absurd consequences and should not be adopted. (23 Cal. Jur. 766.) Let us assume that two lieutenants of the fire department are both injured, one being injured more seriously than the other. Let us further assume that both are retired on account of disability; that the more seriously injured member receives monthly compensation payments equal to 55 per cent of the monthly salary; and that the less seriously injured member receives monthly compensation payments equal to 45 per cent of the monthly salary. Under petitioner's construction of the ordinance and particularly under his construction of the provisions of the first paragraph of said section 3 (d) above quoted, the less seriously injured member would be entitled to monthly pension payments equal to one-half the monthly salary in addition to his monthly compensation payments of 45 per cent of his monthly salary making a total of 95 per cent of his monthly salary while the more seriously injured member would be entitled to no pension payments whatever while receiving monthly compensation payments equal to 55 per cent of the monthly salary. Assuming the existence of ambiguity, we conclude that such absurd results were never intended and that there is nothing in the ordinance to prevent the more reasonable and more rational construction placed upon the ordinance by respondents.

■ Petitioner makes the further contention that the last sentence of said section 3 (d) above quoted is unconstitutional and void. In our opinion this contention is without merit. It assumes that said sentence must be construed as a limitation upon the amount of monthly compensation payments payable to a disabled member of the police or fire department and that it is therefore in conflict with the provisions of the

Workmen's Compensation Insurance and Safety Act. This construction cannot be justified. A reading of the title of the ordinance and of its various provisions shows that it is strictly a pension ordinance and that the reference to the act in question is made in the ordinance merely as a basis for computing the amount of the pension payable under the ordinance.

Having concluded that petitioner was entitled only to a monthly pension in the amount above indicated and that petitioner had been overpaid in each of the months of November and December, 1936, there is nevertheless a further question raised by petitioner on this appeal. ■ Petitioner apparently contends that even if he was overpaid in the total sum of $108.66, the trial court erred in not issuing the writ to compel respondents to pay him the amount of monthly pension to which he was entitled without deduction on account of the overpayments theretofore made as provided in the respondent board's resolution. We find no merit in this contention. It is immaterial whether said overpayments were made by respondent board under a mistake of fact or under a mistake of law. In either event, the respondent board was entitled to recover the amount of said overpayments from petitioner. (*People* v. *Hanson,* 330 Ill. 79 [161 N. E. 145]; 20 Cal. Jur. 972; 48 C. J. 738, sec. 286; 48 C. J. 757, sec. 314.) As further pension payments were to become due to petitioner, the method adopted for recovering the overpayments by withholding one-fourth of the amount thereof from each of the pension payments made for the four succeeding months was a reasonable and proper method for effecting such recovery.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.