[S. F. No. 16224. In Bank.—August 16, 1939.]

DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF CALIFORNIA, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WILLIAM Y. DINAN, Respondents.

Earl Warren, Attorney-General, Robert W. Harrison, Chief Deputy Attorney-General, Harold W. Conklin, Deputy Attorney-General, Carroll S. Bucher and B. E. Pemberton for Appellant.

Everett A. Corten and Frank T. O'Neill for Respondents.

Fred M. Cross, as *Amicus Curiae,* on Behalf of Respondents.

PULLEN, J., *pro tem.*—A proceeding to annul an award of the Industrial Accident Commission against the Department of Motor Vehicles.

William Y. Dinan, while a member of the state highway patrol and engaged in active law enforcement, suffered, in the course of his employment, a gunshot wound. For approximately twenty weeks Dinan was temporarily disabled and on leave of absence without loss of salary, as permitted by section 4800 of the Labor Code. At the end of the leave, the injured employee returned to active duty and shortly thereafter applied to the Industrial Accident Commission for permanent disability rating. After a hearing, the commission found the employee had sustained a permanent disability amounting to 24¾ per cent, and awarded him the sum of $2,475, less the sum of $457.14 which he had received on account of temporary disability. (Sec. 4661, Labor Code.)

This award is here questioned by the petitioner upon the ground that the Industrial Accident Commission has exceeded its jurisdiction in granting compensation to a member of the highway patrol for permanent partial disability after the employee had returned to work and was receiving full salary.

The rule is well recognized that, generally, an employee is entitled to an award for permanent disability without regard to the receipt of wages after the injury. That the inability to return to reemployment is not a test for an allowance of permanent disability is determined by the Labor Code itself. Section 4660 thereof provides that, in determining the percentage of permanent disability, account shall be taken of

the nature of the physical injury or disfigurement, the occupation of the injured employee, and his age at the time of such injury. In *Frankfort General Ins. Co.* v. *Pillsbury,* 173 Cal. 56 [159 Pac. 150], it was stipulated that the injured employee, a carpenter who had lost the greater part of the index finger of the left hand, could do and was doing the same quantity and quality of work as prior to the injury, and was receiving the same rate per hour as wages. The commission held it was not limited by the stipulation in making an award of compensation, and found the disability to be 20¼ per cent, and awarded some $1200 to the employee.

In *Postal Tel. etc. Co.* v. *Industrial Acc. Com.,* 213 Cal. 544 [3 Pac. (2d) 6], the rule is announced that wages earned by and paid to an injured employee subsequent to an award of compensation for a permanent disability could not be credited against such award, holding, in accordance with the rule followed in several industrial states, that the disability referred to in the statute was not such disability as impaired present earning power only, but embraced any loss of physical functions which detracted from the former efficiency in the ordinary pursuits of life. It is the prospective loss of future earning power under the existing handicap of physical impairment that is to be considered; and ability to do the exact work formerly done by the employee is not the sole measure of disability.

Inasmuch as state employees generally or employees in industrial life are not deprived of compensation for permanent injuries under the circumstances here existing, the rule should be the same for members of a law-enforcement branch of our government, unless some express statutory prohibition is found.

Petitioner claims that inasmuch as this employee was a member of the state highway patrol it finds such prohibition in section 4804 of the Labor Code, which, it urges, prevents an award to a state highway patrolman concurrent with the payment of salary. The effect of this contention would, in fact, go to the extent of preventing a highway patrolman, under any circumstances, receiving a permanent disability industrial award.

Petitioner points out that prior to the adoption of the Labor Code in 1937, the Workmen's Compensation Act, section 9a, set apart the members of the highway patrol who were en-

gaged in active law enforcement from all other employees of the state, placing them in a separate classification and granting them various special benefits, among others full salary for a period of not exceeding one year following an injury. Upon the enactment of the Labor Code, this provision of the Compensation Act was adopted in substance and became section 4800 of the Labor Code.

Sections 4801 and 4802 have no bearing upon the present problem, dealing, as they do, with the proper agency to determine the nature of the injury and the right to hospital and medical expenses. Section 4803 of the Labor Code provides: "Whenever such disability of such member of the California Highway Patrol continues for a period beyond one year, such member shall thereafter be subject, as to disability indemnity to the provisions of this division other than section 4800, during the remainder of the period of such disability or until the effective date of his retirement under the State Employees' Retirement Act, except that such compensation shall be paid out of funds available for the support of the Department of Motor Vehicles, and the leave of absence shall continue."

█ Section 4804, wherein petitioner claims to find the prohibition against awarding the injured highway patrol officer permanent indemnity, reads as follows: "No disability indemnity shall be paid to said member concurrently with wages or salary payments or for time after the effective date of retirement under the State Employees' Retirement System." In construing this section, petitioner contends that "no disability indemnity" unequivocally means compensation for either temporary or permanent disability, and that to sustain the award would defeat the sole purpose of this section.

The point is not without merit, but, having in mind the direct admonition of section 3202 of the Labor Code that "the provisions of Division IV (which includes the sections here under consideration) and Division V of this code shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment", and the evident purpose of the law to protect and compensate those members of the highway patrol whose principal duties consist of active law enforcement, we should adopt, if possible, that construction of section 4804 which would enable the injured officer to receive the benefits of the act rather than accept a literal construction

which would tend to deprive him of all disability indemnity, and not only render meaningless the language of section 4803, but also provide a rule for highway officers different from that applicable to others.

Examining section 4804, not as it stands alone, but in its relationship to the entire subject-matter, we find section 4800 permits an injured officer to receive a leave of absence for a year on full pay. Section 4801 imposes upon the Industrial Accident Commission the duty of determining whether or not such disability arose in the course of duty. Section 4802 grants certain medical, surgical and hospital benefits. Section 4803 provides that if the injury, either temporary or permanent, referred to in section 4800, extends beyond a period of one year, such member shall receive such disability indemnity benefits as may be provided elsewhere in division IV of the Labor Code, as long as the disability shall continue, or until retirement. It also grants him, if necessary, a leave of absence beyond one year without pay. Division IV, which by reference is made a part of this section, embraces the whole subject of workmen's compensation and insurance, with more than 2800 sections covering various matters pertaining thereto, and particularly section 4650 et seq. dealing directly with disability payments. Section 4804 provides ''no disability indemnity shall be paid . . . concurrently with . . . salary payments, or for time after . . . retirement''. This section appears to have been drafted to prevent the payment of both salary and indemnity during the one-year period, or payment for both indemnity and retirement. The admonition that no disability indemnity shall be paid concurrently with salary seems, under the circumstances, to refer solely to the one-year period when the highway patrol officer is on leave due to injury, and on full salary which is expressly paid in lieu of disability payments.

Nowhere in this section can be found an intent to abrogate the general rule in compensation cases that, where an employee has received a permanent disability but is thereafter able to return to work and earn a salary for such service rendered, he is entitled to receive both disability indemnity payments and salary. Such a rule is recognized by section 4803, and it was not the purpose of the legislature, we believe, to change it by the very general language found in section 4804.

■ As it is a cardinal rule of construction that words must be given such interpretation as will promote rather than defeat the general purpose and policy of the law, we cannot believe the legislature intended that interpretation to be placed upon section 4804 for which petitioner contends, thereby entirely nullifying and making meaningless the provisions of section 4803, which directly make applicable after one year the general provisions of the Labor Code relating to disability indemnity payments.

This conclusion is in accord with such general rules of statutory construction as "where the language of a statute is reasonably susceptible of two constructions, one of which in application will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted." (23 Cal. Jur., sec. 140, p. 766) ; and "if certain provisions are repugnant, effect should be given to those which best comport with the end to be accomplished and render the statute effective, rather than nugatory". (23 Cal. Jur., sec. 133, p. 759.)

If it was the purpose of the lawmakers to recognize and compensate a California highway patrol officer for the hazardous duties he is called upon to perform, surely the legislature did not intend to deprive him of disability indemnity, as would result if the rule contended for by petitioner were to prevail.

■ It is claimed by petitioner that such officer is amply provided for under the Retirement Act (Deering's Gen. Laws, 1937, Act 5847, p. 2751), and is therefore not entitled to permanent disability indemnity under the Workmen's Compensation Act. However, the Retirement Act cannot, in the absence of express language, control the provisions of the Compensation Act, and, furthermore, we do not find the patrol officer is in any favored position. If such officer leaves the service of the state, he also loses all rights to benefits under the Retirement Law, except as to his own contributions thereto, and, upon severance from state service, the highway patrolman who has sustained a permanent disability would then, if petitioner is correct, receive nothing for such handicap after his temporary disability had ceased. We cannot believe that the legislature intended such a result.

If, in reading section 4804 of the Labor Code, there is kept in mind the provisions of section 4803 of the same code, the

meaning becomes clear that no disability indemnity shall be paid to a patrol officer concurrently with salary, except where such officer has sustained a permanent partial disability and has returned to work and is rendering services for the salary received. Such is the reasonable construction, and conforms to the spirit and intent of the Workmen's Compensation Law and is in consonance with the provisions of the Retirement Act.

The award is affirmed.

Houser, J., Shenk, J., Curtis, J., Spence, J., *pro tem.*, and Edmonds, J., concurred.

Rehearing denied.