[Civ. No. 14798.   Second Dist., Div. Three.   Sept. 28, 1945.]

CECELIA S. LARSON, Respondent, v. BOARD OF POLICE AND FIRE PENSION COMMISSIONERS OF THE CITY OF LONG BEACH et al., Appellants.

Irving M. Smith, City Attorney, and Nowland M. Reid, Assistant City Attorney, for Appellants.

Kenneth Sperry for Respondent.

FOX, J. pro tem.—This is an appeal from a judgment ordering the issuance of a peremptory writ of mandate to compel the defendants to grant the plaintiff a pension.

The plaintiff is the surviving widow of Engebret Larson, a sergeant of the Long Beach Police Department, who was killed in an automobile accident on February 25, 1942, while

performing the duties of a police officer. Plaintiff and Mr. Larson had been married a number of years. Plaintiff has not remarried. Mr. Larson also left surviving three minor children, two of whom are under the age of eighteen, viz., David, age eleven, and Robert, age seventeen.

Mr. Larson had been in the continuous employ of the city of Long Beach as a member of its police department for more than eighteen years. The salary attached to the rank of sergeant at the time of his death was $225 per month. Plaintiff claims that she is entitled to a pension in an amount equal to one-half of the salary attached to the position held by the deceased at the time of his death, and that the amount accrued and unpaid at the time of filing her petition was $2,760.84. Plaintiff bases her right to a pension on the provisions of subdivision 4 of section 187 of the Long Beach City Charter, which reads as follows: ''Whenever any member of the Police or Fire Department shall die as a result of an injury received during the performance of his duty, or from sickness caused by the discharge of such duty, or after retirement, or while eligible to retirement from such department, then an annual pension shall be paid in equal monthly installments to his widow, or child or children, or dependent parent or parents, in an amount equal to one-half ($\frac{1}{2}$) of the salary attached to the rank or position which such deceased person held in such department at the time of his death or one year prior to the date of his retirement from active duty in such department. Said pension shall be paid to the widow during her lifetime, and thereafter to any child or children surviving her, or to his child or children should there be no widow, until such child or children shall have attained the age of eighteen years, or to his dependent parent or parents during their lifetime or during such dependency, should there be no widow or child. Provided, however, that no widow of a pensioner shall be entitled to a pension unless she shall have been married to such deceased pensioner at least one year prior to the date of his death; and provided further, that if such widow, child or children, shall marry, then the pension paid to the person so marrying shall cease; and provided further, that should the dependency of such parent or parents terminate, then the pension paid to such dependent parent or parents shall cease.''

It also appears by stipulation of counsel that plaintiff on her own behalf, and as guardian ad litem of her minor sons, David, Robert and John, filed with the Industrial Accident

Commission "her application for adjustment of claim for compensation against defendant City of Long Beach and State Compensation Insurance Fund, its insurance carrier, for the death of her said husband, Engebret Larson,. and that said Industrial Accident Commission, on or about the 20th day of April, 1942, made its Award against said State Compensation Insurance Fund as insurance carrier of the City of Long Beach in the total sum of Six Thousand Dollars ($6,000.00), payable to said Petitioner, Cecelia S. Larson, at the rate of Twenty-five Dollars ($25.00) a week beginning February 26, 1942, and continuing thereafter until the total amount of said Award is paid; that Petitioner has received and has accepted from said insurance carrier all sums of money which have become due as provided in said Award." This award, however, was subject to a lien of $250 for the reasonable value of the services rendered by petitioner's attorney in the proceedings before the Industrial Accident Commission. The award was made in favor of the petitioner and the three minor children. The city was "released and discharged."

On March 1, 1943, plaintiff filed her application for a widow's pension with the defendant board. Her application was denied. The defendants endeavor to justify their position by reason of the provisions of section 188 of the Long Beach City Charter which reads as follows: "This provision is intended to be in lieu of and take the place, in so far as it applies, of the Workmen's Compensation, Insurance and Safety Act of 1917, of the State of California, and amendments heretofore or hereafter to be adopted, and any person who would be entitled to a pension under the provisions of this amendment and who applies for a pension hereunder shall be deemed to have waived all provisions under the Workmen's Compensation, Insurance and Safety Act of 1917; but should it be decided by the Supreme Court of the State of California that the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917 cannot be waived, payments that may have been made hereunder shall be credited on the amounts allowed under said Act, and all pensions granted hereunder for causes included within the purview of said Workmen's Compensation, Insurance and Safety Act shall become null and void except as to such an amount as will, when added to the amount allowable under said Workmen's Compensation, Insurance and Safety Act, equal the total monthly pension herein provided for." The defendants

insist that under the provisions of this section the plaintiff has precluded herself from the benefits of the pension provisions of the charter because she applied for and accepted the aforesaid benefits, commonly referred to as workmen's compensation, from the State Compensation Insurance Fund (the city's insurance carrier) under the provisions of the Labor Code of this state which has taken the place of the Workmen's Compensation, Insurance and Safety Act of 1917 referred to in the aforesaid charter section.

Under the facts alleged in plaintiff's amended petition, all of which the trial court has found to be true, plaintiff comes within the class of persons enumerated in subdivision 4 of section 187, *supra,* of the Long Beach City Charter and by the express provisions thereof is entitled to the pension which she seeks. The question then is: Does section 188, *supra,* of said charter deprive her of this right? In our opinion it does not.

To support their contention that plaintiff waived her right to a widow's pension by applying for and accepting workmen's compensation, the defendants particularly rely on the first part of section 188, *supra,* to the effect that this provision "is intended to be in lieu of and take the place," insofar as it applies, of the Workmen's Compensation Act, and that any person who would be entitled to a pension and "who applies for" the same "shall be deemed to have waived all provisions under the Workmen's Compensation" Act. These provisions, however, do not cover the situation here presented. They deal with the converse of our problem. These provisions do not say that workmen's compensation is intended to be in lieu of and to take the place of a pension under the city charter, nor do they say that the acceptance of workmen's compensation benefits shall be deemed a waiver of pension rights. They cannot reasonably be so construed. The rule is clear that pension statutes are to be liberally construed in favor of those to whom such rights are granted, and that such rights may not be taken away by strained construction. (*Casserly* v. *City of Oakland* (1932), 215 Cal. 600 [12 P.2d 425]; *Dillard* v. *City of Los Angeles* (1942), 20 Cal.2d 599 [127 P.2d 917]; *McKeag* v. *Board of Pension Commissioners* (1942), 21 Cal.2d 386 [132 P.2d 198]; *Gibson* v. *City of San Diego* (1945), 25 Cal.2d 930 [156 P.2d 737].)

The payment of workmen's compensation and the allowance of pension benefits are supported upon entirely dif-

ferent principles. The former is based upon section 21 of article XX of the state Constitution and the legislation pursuant thereto, which expresses the social public policy of the state to the effect that the unfortunate economic results caused by the injury or death of an employee shall, in a measure, be borne by society. A pension, however, generally represents "an integral portion of the contemplated compensation" for the services rendered by the employee. (*Dryden* v. *Board of Pension Commrs.* (1936), 6 Cal.2d 575 [59 P.2d 104] ; *Snyder* v. *City of Alameda* (1943), 58 Cal.App.2d 517 [136 P.2d 857].) "A provision for a pension to his widow obviously benefits the member's economic status in a way similar to an increase of his wages. . . ." (*Sweesy* v. *Los Angeles etc. Ret. Bd.* (1941), 17 Cal.2d 356, 361 [110 P.2d 37].) Where, as here, the employee has made contributions over a period of years so that either he or designated dependents of his upon his death might have a pension, the right thereto should not be denied unless such an intention is clearly and unmistakably expressed.

The defendants by their answers did not raise any issue as to whether the acceptance of workmen's compensation by the plaintiff effected a *pro tanto* reduction of the pension benefits to which she is entitled under subdivision 4 of section 187 of the city charter, and it is not contended on the appeal that the judgment should have provided for such reduction or offset. We therefore express no opinion on that question.

The judgment is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 26, 1945. Edmonds, J., Traynor, J., and Spence, J., voted for a hearing.