[Civ. No. 14902. Second Dist., Div. One. June 17, 1946.]

JOHN W. JOHNSON, Respondent, v. BOARD OF POLICE AND FIRE PENSION COMMISSIONERS OF THE CITY OF LONG BEACH et al., Appellants.

Irving M. Smith, City Attorney, Nowland M. Reid, Assistant City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Appellants.

Fred M. Riedman for Respondent.

WHITE, J.—Defendants appeal from a judgment ordering the issuance of a peremptory writ of mandate directing them to grant petitioner a pension.

The undisputed facts are that petitioner was a policeman employed by the city of Long Beach from the first day of August, 1928, and served continuously in such capacity until January 16, 1942, at which time his employment was terminated because of a service-connected disability which he sustained on the 27th day of March, 1937, said injury occurring in the course of and arising out of his employment as such police officer. The salary of petitioner was $200 per month, and at the time of the filing of his petition herein there was $500 due on his pension.

Petitioner bases his right to a pension on the provisions of section 187 of the Charter of the City of Long Beach, subdivision 3 of which reads as follows :

"Whenever a member of the police or fire department shall become physically disabled, or by reason of bodily injury received in or by reason of sickness, while in the discharge of duties of such person in such department, as to render necessary his retirement from active service, the commission shall order and direct that such person be retired from further service from such department, and thereafter such person so retired shall, during his lifetime, be paid from the pension fund, a yearly pension equal to one-half of the amount of the salary attached to the rank of the position held by him in such department at the date of such retirement order."

The petitioner received an award from the Industrial Accident Commission of the State of California against the city of Long Beach for compensation, and thereafter, on the 3d day of February, 1942, he filed his application for pension with defendant board, and the same was denied.

 The only question presented on this appeal is whether section 188 of the Charter of the City of Long Beach deprives petitioner of his right to receive a pension. The pertinent section reads as follows:

"This provision is intended to be in lieu of and take the place, in so far as it applies, of the Workmen's Compensation, Insurance and Safety Act of 1917, of the State of California, and amendments heretofore or hereafter to be adopted, and any person who would be entitled to a pension under the provisions of this amendment and who applies for a pension hereunder shall be deemed to have waived all provisions under the Workmen's Compensation, Insurance and Safety Act of 1917; but should it be decided by the Supreme Court of the State of California that the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917 cannot be waived, payments that may have been made hereunder shall be credited on the amounts allowed under said Act, and all pensions granted hereunder for causes included within the purview of said Workmen's Compensation, Insurance and Safety Act shall become null and void except as to such an amount as will, when added to the amount allowable under said Workmen's Compensation, Insurance and Safety Act, equal the total monthly pension herein provided for."

It is the contention of defendant board that because of the provisions of this section plaintiff has deprived himself of the right to receive the benefits of the pension provisions of the charter for the reason that he applied for and accepted the benefits awarded him by the Industrial Accident Commission, and which benefits are commonly referred to as "Workmen's Compensation." Appellants in their brief readily concede that if respondent had not applied for and received the benefits of workmen's compensation, he would be entitled to a pension, but they earnestly urge that having sought and obtained the maximum benefits provided by the Workmen's Compensation Law, respondent thereby voluntarily placed himself outside of the class for whom the pensions provided by section 187 of the charter were intended, and therefore appellant board correctly denied his application for a pension.

It is conceded that the issues raised on this appeal are identical with those presented in the case of *Larson* v. *Board of Police etc. Commissioners*, 71 Cal.App.2d 60 [162 P.2d 33], (hearing denied by the Supreme Court), in which the same claims here urged were decided contrary to the contentions of

appellants. We are in accord with the holding of the court and the reasoning supporting the same in the case just cited. Upon the authority of and for the reasons stated in the case of *Larson* v. *Board of Police etc. Commissioners, supra,* the judgment from which this appeal was taken is affirmed.

York, P. J., and Doran, J., concurred.