[Civ. No. 16245. Second Dist., Div. Two. July 13, 1948.]

ROBIN H. HOLT, Appellant, v. BOARD OF POLICE AND FIRE PENSION COMMISSIONERS OF THE CITY OF LONG BEACH et al., Respondents.

Kenneth Sperry for Appellant.

Irving M. Smith, City Attorney (Long Beach), Nowland M. Reid, Assistant City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Respondents.

MOORE, P. J.—Appeal from a judgment denying a peremptory writ of mandate to compel respondents to grant a disability pension.

Appellant became a member of the Long Beach Police Department on July 16, 1928. During his incumbency, to wit, on August 19, 1942, he sustained an injury in the course of, and arising out of, his employment, resulting in his partial, permanent, physical disability. He continued to be a member of the police department, but by reason of his injuries he was unable to continue his work as a patrolman, and on June 21, 1944, his voluntary resignation was accepted. He was not thereafter reinstated. On August 15, 1944, he filed with the pension board his certificate of disability and medical reports as provided by the city charter. Also, he filed a claim for pension. His claim was rejected by the Board of Police and Fire Pension Commissioners on January 4, 1945.

The question for decision is whether under the Long Beach Charter a member of the police department may be granted a pension based upon a service-connected disability after having resigned from the department because of such disability. The pertinent sections of the Long Beach City Charter are given in

the footnote.* Its provisions have been construed on various prior appeals and it has been consistently held that "[t]he charter provisions must, of course, be interpreted in accordance with the well-recognized rule that all pension laws are liberally construed to carry out their beneficent policy." (*England* v. *City of Long Beach,* 27 Cal.2d 343, 346 [163 P.2d 865]. See, also, *Dillard* v. *City of Los Angeles,* 20 Cal.2d 599, 602 [127 P.2d 917].) The rights vested by such charter provisions may not be denied by a strained judicial construction. (*Larson* v. *Board of Police & Fire Commissioners,* 71 Cal.App. 2d 60, 63 [162 P.2d 33].)

▮ A reasonable interpretation of the quoted charter sections compels the conclusion that an injured police officer cannot be deprived of his right to a pension merely because he *first* resigned from the police force and then filed application therefor. The reasons are not far to seek. The pension provisions of the city charter are an integral portion of the contemplated compensation set forth in the contract of employment between the city and members of the police department, and are an inseparable part of that contract. Also, the

---

*Article XVI, section 187, subsection 3; Statutes 1931, page 2787. "Whenever any member of the Police or Fire Department shall become physically disabled or by reason of bodily injuries received in, or by reason of sickness caused by the discharge of duties of such person in such department, or shall become so physically or mentally disabled as a result of such injury or sickness as to render necessary his retirement from active service, the commission shall order and direct that such person be retired from further service in such department; and thereafter such person so retired shall, during his lifetime, be paid from said pension fund a yearly pension equal to one-half ($\frac{1}{2}$) of the amount of the salary attached to the rank or position held by him in such department at the date of such retirement order. Such person shall be paid in equal monthly installments. Provided, however, that any pension granted to any member of the Police or Fire Department for disability or sickness, or the result thereof, as provided for in this section, shall cease when the disability or sickness, or the result therefrom, ceases, and such person shall, subject to civil service provisions of the City Charter, and other provisions of this charter governing the appointment of city employees, be restored to active duty in such department of which such person was a member at the time of retirement, to the same rank or position which such person held at said time; and provided further, that in event such disability is of a continuing nature, the extent of which, however, will not prevent such person from performing certain prescribed duties within such department, the pension commissioners may, upon certificate as to such partial disability from regularly licensed physicians in the manner hereinafter provided for, order such person restored to the department from which he was retired at the same compensation which he received prior to retirement, and in which event his pension shall cease.

"Provided further, that no person shall be retired as provided in this section, or shall receive any benefits from said pension fund, unless there

right to a pension becomes vested upon the acceptance of such employment by an applicant. (*Dryden* v. *Board of Pension Commissioners*, 6 Cal.2d 575, 579 [59 P.2d 104].) This principle was subsequently reemphasized when the foregoing declaration was supplemented by the announcement that such pension rights become "vested as to each employee at least on the happening of the contingency upon which the pension becomes payable." (*Kern* v. *City of Long Beach*, 29 Cal.2d 848, 851 [179 P.2d 799].) The contingency in the instant case was the accident which disabled Officer Holt. If thereby his rights became vested how could they have been subsequently divested? Certainly not by the pension board or by the city council, for they are not the authors of the pension rights; not by the courts, for they must follow the law as they find it; not even by the act of the officer in resigning from the police department, unless in specific terms he and his wife renounce his pension right. A part of the compensation for which appellant contracted at the time of his employment consisted of his pension rights which were vested by his becoming disabled. To deprive him of them would be analogous to, if not identical with, the act of refusing to pay his earned salary. (*Ibid.*, p. 855.) For this very reason his resignation was ineffective to deprive him of the pension to which he had already become entitled. If by resigning he did not forfeit his rights to his accrued salary, and if his pension is part of that salary, he did not thereby forfeit his rights to his pension. Indeed, in each

---

shall have been filed with said pension commission, prior to the granting of such pension, certificates of disability subscribed and sworn to by such person and by three regularly licensed practicing physicians of said city, one of whom shall be the police surgeon, one to be selected by said commission, and one by the person applying for such pension.''

''Section 188. This provision is intended to be in lieu of and take the place, in so far as it applies, of the Workmen's Compensation, Insurance and Safety Act of 1917, of the State of California, and amendments heretofore or hereafter to be adopted, and any person who would be entitled to a pension under the provisions of this amendment and who applies for a pension hereunder shall be deemed to have waived all provisions under the Workmen's Compensation, Insurance and Safety Act of 1917; but should it be decided by the Supreme Court of the State of California that the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917 can not be waived, payments that may have been made hereunder shall be credited on the amounts allowed under said Act, and all pensions granted hereunder for causes included within the purview of said Workmen's Compensation, Insurance and Safety Act shall become null and void except as to such an amount as will, when added to the amount allowable under said Workmen's Compensation, Insurance and Safety Act, equal the total monthly pension herein provided for.''

of three cases cited in the briefs (*Larson* v. *Board of Police Commissioners,* 71 Cal.App.2d 60 [162 P.2d 33]; *Johnson* v. *Board of Police Pension Commissioners,* 74 Cal.App.2d 919 [170 P.2d 48]; *Kinney* v. *Sacramento Retirement System,* 77 Cal.App.2d 779 [176 P.2d 775]) the application for pension was filed after services to the municipality had been discontinued. While it is true that the precise point was not raised on such appeals, yet those decisions point the way to a just solution of the instant controversy.

Respondents contend that since appellant has resigned he cannot be required to return to his position in the department and the city would be deprived of his services even if he could render a satisfactory performance thereof to the city. This maybe conceded but it does not follow that the city would in that event be compelled to continue paying his pension. Two termination provisions of the charter wisely contemplate such a contingency: (1) "Any pension granted . . . shall cease when the disability . . . ceases." (2) "In the event such disability is of a continuing nature, the extent of which, however, will not prevent such person from performing certain prescribed duties within such department, the pension commissioners may . . . order such person restored to the department from which he was retired at the same compensation which he received prior to retirement, and in which event his pension shall cease." (Charter of City of Long Beach, § 187, subsec. 3.)

It is important to note that the provisions for the termination of a pension are automatic, and that the provisions for reinstatement of employment are not for the protection of the city but for the benefit of the employee should his disability cease or lessen. Respondents' argument therefore begs the question as to appellant's right to a pension in the first instance. Holt's initial right to a pension should not be precluded by considerations of the city's subsequent right at some future date to terminate that pension. Nor is the right to a pension contingent on the city's right to recall appellant to the police force. The words of the charter are clear and mandatory: "Whenever any member shall become physically disabled . . . the commission shall order and direct that such person be retired from further service . . . and . . . be paid . . . a yearly pension." (*Ibid.*) Indeed this section of the charter does not even provide for the filing of an application for pension, although it does require filing of "certificates of

disability subscribed and sworn to by such person and by three regularly licensed practicing physicians.'' The mere requirement that a disabled officer file his certificates, coupled with the mandate that the commission shall retire him on a pension, leaves no room for argument that he can be deprived of his pension if he files such documents proving his disability. While it is conceded that appellant's certificate of disability and medical reports were filed, yet respondents argue that since they were filed *after* appellant resigned they were filed too late. The only charter requirement is that they be filed prior to a granting of the pension.

Respondents concede that because of the holding in *Johnson* v. *Board of Police Pension Commissioners*, 74 Cal. App.2d 919 [170 P.2d 48], and *Larson* v. *Board of Police Commissioners*, 71 Cal.App.2d 60 [162 P.2d 33], appellant's acceptance of workmen's compensation does not constitute a waiver of his pension rights. However, respondents contend that as against such pension the city of Long Beach is entitled to credit any payments made to appellant under the Workmen's Compensation and Safety Act [Lab. Code, §§ 3201-6149]. But respondents' contention is borne out neither by the charter itself nor by appellate decisions. The charter provides that the pension provision is intended to be in lieu of and take the place of the Workmen's Compensation Act. It does not provide that the Workmen's Compensation Act is to be in lieu of and take the place of the pension provisions. Thus the charter provisions deal with the converse of the situation here presented. (*Larson* v. *Board of Police Commissioners, supra.*) If appellant had first received a pension and *then* applied for workmen's compensation benefits there would be presented for decision the issue which respondents raise. The Larson decision expressly withheld opinion on this precise question. But to hold now that acceptance of workmen's compensation effects a *pro tanto* reduction of pension benefits would in effect nullify the Larson and Johnson decisions and be contrary to the clear implication of the charter. Since an employee is entitled to receive his entire salary in addition to disability indemnities (*Department of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal.2d 189, 194 [93 P.2d 131]; *Department of Motor Vehicles* v. *Industrial Acc. Com.*, 78 Cal.App. 2d 626, 630 [178 P.2d 43]), and since in the instant case the pension benefits are a part of that salary (*Kern* v. *City of*

*Long Beach,* 29 Cal.2d 848, 851 [179 P.2d 799] ), appellant is entitled to his entire pension without set-off or deduction. This is in conformity with the Larson and Johnson decisions, *supra.* If a *pro tanto* credit were permitted the compensation indemnities might exceed the pension allowances and nullify the charter provisions as well as the effect of those decisions. Furthermore, pension rights are secured in part by contributions by the employee, and therefore constitute the protection which he has purchased for himself and his family and not the protection furnished under the compulsion of the Workmen's Compensation Act.

By their answer respondents admitted that appellant ''sustained an injury during the course of his employment, arising out of his employment as such police officer; thereafter said disability caused his condition to become such that he was physically disabled and due to said facts, was unable to continue his employment with the city of Long Beach.'' Such admission renders unnecessary further inquiry into his claim of being physically disabled ''by reason of bodily injuries received in . . . the discharge of duties'' as a member of the Long Beach Police Department. Therefore, since no legal cause exists for denying his right to a disability pension, it became and was the duty of the court below to enter judgment requiring the issuance of a peremptory writ of mandate to compel respondents to grant appellant's application for a disability pension, dating from June 21, 1944, in an amount equal to one-half of the salary attached to the rank held by petitioner at that time. (See *Casserly* v. *City of Oakland,* 6 Cal.2d 64, 66 [56 P.2d 237] ; *Kern* v. *Long Beach,* 29 Cal.2d 848, 855 [179 P.2d 799].)

It is therefore ordered that the judgment be and is reversed and that the court below be and is directed to issue a peremptory writ of mandate as demanded by the first amended petition.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied July 29, 1948, and opinion and judgment were modified to read as above.

Respondents' petition for a hearing by the Supreme Court was denied September 23, 1948. Edmonds, J., Traynor, J., and Spence, J., voted for a hearing.