[L. A. No. 23091.   In Bank.   May 11, 1954.]

ELSAN H. STAFFORD, Appellant, v. THE LOS ANGELES COUNTY EMPLOYEES' RETIREMENT BOARD et al., Respondents.

Elsan H. Stafford, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Edward H. Gaylord, Deputy County Counsel, for Respondents.

SCHAUER, J.—Petitioner, a retired deputy sheriff of the County of Los Angeles, seeks mandamus to compel respondent County Employees' Retirement Board to pay him a pension. A general demurrer to his amended petition for the writ was sustained without leave to amend, and he appeals from the ensuing judgment of dismissal. We have concluded that the trial court correctly determined that petitioner is not entitled to the payments he seeks, and that the judgment should be affirmed.

Petitioner alleges that he entered the service of the county as a deputy sheriff in August, 1946. He was injured in line of duty, and in January, 1950, was retired by reason of resulting disability. In May, 1950, the Industrial Accident Commission awarded him $5,603.53, which was paid in a lump sum by State Compensation Insurance Fund, the workmen's compensation insurance carrier for the county. Petitioner thereafter applied to respondent board for payment of a pension. Acting assertedly pursuant to, and in reliance upon, the provisions of section 32081 of the Government Code, hereinafter (p. 797) quoted in all material parts, the board refused to make any payment on account of the pension until (using the language of subdivision (a) of section 32081) "the total amount of the retirement payments which would otherwise be paid equals the total amount received [by petitioner] under the workmen's compensation act."

Petitioner's pension rights are set forth in the County Peace Officers Retirement Law (now codified as Gov. Code, §§ 31900-32082), passed by the state in 1931, and adopted by Los Angeles County pursuant to the provisions of section 31930.[1] Section 32055 provides that "Upon retirement of a member for service connected disability, he shall receive an annual pension, payable in monthly installments, equal to one-half of his terminal salary, not to exceed two hundred fifty dollars ($250) a month." Section 32080 declares that "It is the intention of this chapter [the Retirement Law] that pensions allowed for injury incurred in line of duty shall not be cumulative with the benefits under workmen's compensation awarded for the same injury or disability." Section 32081, hereinbefore referred to and relied upon by respondent board, provides that "If any beneficiary receives compensation under any workmen's compensation act or by virtue of any judgment obtained against the county . . . for disability arising out of and in the course of the employment of a member or pensioner, the benefits shall be modified as follows:

"(a) If the amount is paid in one sum . . . the beneficiary shall not receive any retirement payments until the total amount of the retirement payments which would otherwise be paid equals the total amount received under the workmen's compensation act or by virtue of the judgment . . ."

Petitioner first contends that section 32081 does not apply to him because section 31908 states that " 'Beneficiary' means any person in receipt of a pension, or other benefit provided by the retirement system." Since, says petitioner, he has not yet received a pension he is not a beneficiary as that term is used in section 32081. However, section 31903 declares that "Unless the context otherwise requires, the definitions and general provisions contained in this article govern the construction of this chapter." It seems clear that the context of section 32081 requires that petitioner be included within the term "beneficiary," as otherwise the entire section would appear to apply to no one and to be meaningless. It is not to be assumed that the Legislature indulged in an idle act. (*Scheas* v. *Robertson* (1951), 38 Cal.2d 119, 129 [238 P.2d 982]; see also *Stafford* v. *Realty*

---

[1] Government Code, section 31930: "This chapter shall become effective in any county upon its acceptance by ordinance passed by four-fifths vote of its board of supervisors, and becomes operative in the county on January 1st or July 1st following the expiration of three months after the passage of the ordinance."

*Bond Service Corp.* (1952), 39 Cal.2d 797, 805 [249 P.2d 241].) Moreover, a contrary view would defeat the declared policy of section 32080 that disability pensions shall not be cumulative with workmen's compensation benefits awarded for the same disability. In addition, as pointed out by respondent, the right to a future retirement allowance has been held to be a "benefit" (see *Palaske* v. *City of Long Beach* (1949), 93 Cal.App.2d 120, 124-127 [208 P.2d 764]), thus bringing petitioner within the section 31908 definition of "beneficiary" as one who is in receipt of some "other benefit provided by the retirement system."

Petitioner also contends that because he contributed to the fund from which his pension is to be paid, the result of the withholding of pension benefits from him until such benefits, otherwise payable, equal the amount of his workmen's compensation award is to cause him to contribute to the cost of such award, in violation of the provisions of section 3751 of the Labor Code.[2] This contention likewise is untenable as applied to the facts of this case. In the first place, both section 3751 of the Labor Code and sections 32080 and 32081 of the Government Code (pursuant to which the pension payments are being withheld) are basically of equal sanction as enactments of the Legislature. Section 31902 of the Government Code expressly declares that the Retirement Law "shall not be construed as a local measure." The Workmen's Compensation Act, including the provisions upon which Labor Code section 3751 is based, was enacted in 1913. The Retirement Law, including the provisions of Government Code sections 32080 and 32081, was enacted in 1931. Therefore, if it be deemed that a conflict exists between the provisions of the Labor Code section and those of sections 32080 and 32081, the latter sections, being later in time, must be held to prevail. (*Nelson* v. *Reilly* (1948), 88 Cal.App.2d 303, 306 [198 P.2d 694].) Also, since the Retirement Law is a particular and specific law, dealing with the retirement benefits of county peace officers, its provisions must be held to prevail over the general workmen's compensation provisions expressed in section 3751 of the Labor Code. (See *Board of Supervisors* v. *Simpson* (1951), 36 Cal.2d 671, 673 [227 P.2d 14]; *Rose* v. *State of California* (1942), 19 Cal.2d

---

[2]Labor Code, section 3751: "No employer shall exact or receive from any employee any contribution, or make or take any deduction from the earnings of any employee either directly or indirectly, to cover the whole or any part of the cost of compensation under this division. Violation of this section is a misdemeanor."

713, 723-724 [123 P.2d 505]; *Whittemore* v. *Seydel* (1946), 74 Cal.App.2d 109, 120 [168 P.2d 212]; 23 Cal.Jur. 762-763, and cases there cited.)

It appears, however, that there is no conflict between the two statutory provisions, and that compliance with section 32081 of the Government Code will not constitute an exaction or receipt by the employer from the employee of a contribution, in violation of Labor Code section 3751. Rather, section 32081 may be construed as fixing or defining a period during which pension payments will be suspended. "[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]" (*Stafford* v. *Realty Bond Service Corp.* (1952), *supra,* 39 Cal.2d 797, 805; see also *Rose* v. *State of California* (1942), *supra,* 19 Cal.2d 713, 724; 23 Cal. Jur. 784-785, and cases there cited.) Although this construction may be considered to result in a reduction in the amount of pension payments which the retired officer would otherwise receive, it may be noted that under the terms of section 32064 of the Government Code a reduction (even complete termination, prior to amendment of the provision in 1947) may also occur if the officer engages in public employment other than service in the armed forces of the United States.

Cases relied upon by petitioner are neither compelling nor persuasive to a contrary holding. *Larson* v. *Board of Police etc. Commrs.* (1945), 71 Cal.App.2d 60, 62 [162 P.2d 33]; *Johnson* v. *Board of Police etc. Pension Commrs.* (1946), 74 Cal.App.2d 919, 921 [170 P.2d 48]; and *Holt* v. *Board of Police etc. Commrs.* (1948), 86 Cal.App.2d 714, 719-720 [196 P.2d 94], all deal with a section of the Long Beach city charter which stated that "This provision is intended to be in lieu of and take the place, in so far as it applies, of the Workmen's Compensation, Insurance and Safety Act . . . and any person who would be entitled to a pension under the provisions of this amendment and who applies for a pension hereunder shall be deemed to have waived all provisions under the Workmen's Compensation, Insurance and Safety Act . . ." (See p. 62 of 71 Cal.App.2d.) It was held that the charter provision, a matter of local concern, could not constitute the pension provisions a substitute for workmen's compensation. As pointed out in the Holt case (p. 719 of 86 Cal.App.2d), however, the charter did not provide that workmen's compensation was to be in lieu of and take the place of the pension provisions, and none of

the cited cases passes upon such a situation. *Healy* v. *Industrial Acc. Com.* (1953), 41 Cal.2d 118, 121 [258 P.2d 1], concerns a Los Angeles city charter provision that if an employee entitled to a pension because of injury is granted workmen's compensation, then his pension should be construed as such compensation and applied in payment of the award. The city was permissibly uninsured for workmen's compensation. It was held that the general workmen's compensation law must prevail over the local charter provision in case of conflict between the two, and that "the validity of" any credit given the city against the workmen's compensation award "depends upon whether Healy contributed to the pension for which the credit was allowed and whether as a result of the credit he was required, directly or indirectly, to pay part of the cost of his compensation in violation of section 3751" of the Labor Code. However, as already noted, in the case presently before us the retirement law provision under which defendant acted is a part of general state law rather than a local charter provision, and the payments which are deferred or reduced are those of the pension rather than of the compensation award. An Alameda city ordinance which was construed to likewise require reduction of pension payments in case of payment of workmen's compensation was upheld against a similar contention of conflict with the workmen's compensation act, in *Foster* v. *Pension Board* (1937), 23 Cal.App.2d 550, 554-555 [73 P.2d 631].

Other contentions by petitioner are without merit and appear to have been abandoned by him. ■ For example, it was suggested that his vested rights in his pension were in some manner impaired by defendant's compliance with the provisions of section 32080 and 32081 of the Government Code. However, those provisions were in effect both when petitioner first became a deputy sheriff and when he was retired; consequently his pension rights were neither altered nor impaired during or after his service for the county.

For the reasons above stated the judgment is affirmed.

Shenk, J., Edmonds, J., Traynor, J., and Bray, J. pro tem.,* concurred.

Spence, J., concurred in the judgment.

CARTER, J.—I dissent.
The majority holding requires an employee to contribute

---

*Assigned by Chairman of Judicial Council.

to workmen's compensation payable to him contrary to the constitutional and statutory policy of this state. It is of little consequence that the payments of disability pension are to be withheld up to the amount of the workmen's compensation received by the employee rather than that the pension was credited against the compensation as was the case in *Healy* v. *Industrial Acc. Com.*, 41 Cal.2d 118 [258 P.2d 1]. That involved merely a matter of time and method of accomplishing the illegal result. Under the pension law the county employee was required to and did contribute to the pension fund. Now that contribution is taken from him because he has received workmen's compensation, that is, payment of his pension to which he contributed is withheld because he received workmen's compensation. He is, in effect, and for all practical purposes, paying part of the workmen's compensation to which he is entitled without contribution by him.

The policy of this state envisions no such contribution. The Constitution provides for a complete system of workmen's compensation. ''The Legislature is hereby expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workmen's compensation, by appropriate legislation, and in that behalf to create and enforce a *liability on the part of any or all persons to compensate any or all of their workmen for injury or disability,* and their dependents for death incurred or sustained by the said workmen in the course of their employment, irrespective of the fault of any party. A complete system of workmen's compensation includes adequate provisions for the comfort, health and safety and general welfare of any and all workmen and those dependent upon them for support to the extent of *relieving from the consequences of any injury* or death incurred or sustained by workmen in the course of their employment, irrespective of the fault of any party; also full provision for securing safety in places of employment; . . . full provision for adequate insurance coverage against liability to pay or furnish compensation; . . . all of which matters are expressly declared to be the *social public policy of this State, binding upon all departments of the State government.*'' (Cal. Const., art. XX, § 21; emphasis added.) The Legislature has implemented this policy by providing that: ''No employer shall exact or receive from any employee any contribution,

or make or take any deduction from the earnings of any employee either directly or indirectly, to cover the whole or any part of the cost of compensation under this division. Violation of this section is a misdemeanor.'' (Lab. Code, § 3751.) And: ''Liability for compensation shall not be reduced or affected by any insurance, contribution or other benefit whatsoever due to or received by the person entitled to such compensation, except as otherwise provided by this division.'' (Lab. Code, § 3752.) Nothing could be more specific than the last quoted provision. Contrary to the majority opinion it is more specific than the pension law (Gov. Code, § 31900 et seq.) and if there is a conflict, it controls.

California Jurisprudence, after referring to sections 3751 and 3752 of the Labor Code, states: ''Accordingly contributions or benefits received from a labor union during a strike may not be deducted from the disability indemnity payable under the act. And when the employer takes out accident insurance in favor of the employee, out of whose wages the premiums are eventually payable, such workman is entitled to the benefits under the policy in addition to those to which he is entitled under the statute, and the employer may not set off against compensation due from him any amounts paid under the policy.'' (27 Cal.Jur. 513.) The rule is settled that the payment of salary or wages does not prevent an award of workmen's compensation for disability and the salary is not to be deducted from the compensation unless there is express provision therefor. (*Department of Motor Vehicles* v. *Industrial Acc. Com.,* 14 Cal.2d 189 [93 P.2d 131].)

The pension act cannot, under the Constitution (art. XX, § 21, *supra*) require that the employee contribute toward the payment of his compensation. As seen, that constitutional provision states that it is the policy of this state that there shall be a *liability* on the part of *employers* to pay compensation to their employees; that the *employee* shall be *relieved* of the consequences of an industrial injury. If the employee has to contribute to the payment of his workmen's compensation the employer is to that extent not liable and the employee to that extent has not been relieved of the consequences of the injury. The underlying principle of a complete system of workmen's compensation which is the constitutionally declared policy of this state is that compensation for injuries shall be borne by industry as a part of the cost of production. (*Union Iron Wks.* v. *Industrial Acc. Com.,* 190 Cal. 33 [210

P. 410]; *Employers' Liab. Assur. Corp.* v. *Industrial Acc. Com.,* 179 Cal. 432 [177 P. 273]; *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407 [156 P. 491, Ann.Cas. 1917 E 390]; *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686 [151 P. 398].) It must necessarily follow that no contributions to the payment of workmen's compensation can be required of the employee. Therefore the pension act cannot constitutionally require such contribution. If it is argued that there is no contribution but only less pension payable to the employee, then what becomes of the contribution to the pension fund by the employee? Either the portion he supplied is taken away from him or he is required to help pay the workmen's compensation which he is entitled to receive without contribution and in either case he has been deprived of at least a portion of that to which he is lawfully entitled under the workmen's compensation law. It seems clear to me that if the Legislature may provide, in the face of article XX, section 21, of the Constitution, that an injured employee who receives workmen's compensation may be barred from receiving a pension from a fund to which he has contributed, it may also bar him from receiving payments under a policy of health and accident insurance on which he has paid all the premiums, or from receiving other benefits from welfare agencies to which he has made contributions in order to secure such benefits. Under the majority holding here such legislation would be upheld. In my opinion it would violate the above cited constitutional mandate.

I would, therefore, reverse the judgment.

Appellant's petition for a rehearing was denied June 9, 1954. Carter, J., was of the opinion that the petition should be granted.