[Civ. No. 34685. First Dist., Div. One. Nov. 18, 1974.]

BOBBE J. BENTLEY, Plaintiff and Appellant, v.
DAVID B. SWOAP, as Acting Director, etc., Defendant and Respondent.

**COUNSEL**

Zief, Diment & Glickman and Raymond Glickman for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Sheridan H. Brown, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**MOLINARI, P. J.**—On this appeal from the denial of a writ of mandate the sole issue is whether a person who is physically or mentally disabled

is entitled to aid under the Aid to Families With Dependent Children program (Welf. & Inst. Code, §§ 11200-11489, incl.[1]; hereinafter AFDC) after he attains the age of 18 years.

Appellant is the mother of Timothy M. Donahoe who became 21 years of age on June 5, 1972. On that date Timothy's benefits under AFDC were terminated by the County of Solano. Such termination was upheld by the Department of Social Welfare following a hearing, and a petition for writ of mandate seeking a determination that Timothy was wrongfully denied such benefits and an order directing the payment of such benefits was denied by the superior court. In the proceedings below it was stipulated that Timothy is so severely mentally retarded that he is permanently disabled.

The Social Security Act (42 U.S.C. §§ 601-610) makes available federal funds to states which submit to and have approved by the Department of Health, Education and Welfare (hereinafter HEW) plans for aid and services to needy families with children. California has elected to participate in the program by the enactment of AFDC and has obtained HEW's approval of the program. (See *County of Alameda* v. *Carleson* (1971) 5 Cal. 3d 730, 738-739 [97 Cal.Rptr. 385, 488 P.2d 953]; *California Welfare Rights Organization* v. *Carleson* (1971) 4 Cal.3d 445, 448-449 [93 Cal. Rptr. 758, 482 P.2d 670]; *Hypolite* v. *Carleson* (1973) 32 Cal.App.3d 979, 981 [108 Cal.Rptr. 751] [cert. den., 415 U.S. 934 (39 L.Ed.2d 492, 94 S.Ct. 1449)].) Once a state has elected to participate in such a program it may not exclude persons from such program who are eligible for assistance under federal standards. (*King* v. *Smith,* 392 U.S. 309, 317 [20 L.Ed.2d 1118, 1125, 88 S.Ct. 2128].)

Under the Social Security Act a "dependent child" is defined as a needy child who is under the age of 18 years or a person who is under the age of 21 years and is a student. (42 U.S.C. § 606(a).) Under the provisions of AFDC the term "needy child" means a child living in a family described in section 11250, or a child as described in section 11251. (§ 11202.) Section 11250 provides that, except as provided in section 11253, aid shall be provided to families with children under the age of 18 years who have been deprived of parental support for the various reasons therein stated. Section 11251 provides aid for children under the age of 18 years who are in certain institutions and foster homes except as provided in section 11253. We note here that section 11263 provides that "Except as provided in Sections 11253 and 11455, no person over the age of 18 years is a needy child within the meaning of this chapter."

---

[1]Unless otherwise indicated all statutory references are to the Welfare and Institutions Code.

Section 11253 provides as follows: "Aid may not be granted under the provisions of this chapter to or in behalf of any child over the age of 16 unless: [¶] (a) He is less than 21 years of age and is regularly attending school or a training program, or if enrolled in an institution of higher education, attending regularly, achieving a passing grade and making progress according to standards set by the department, or [¶] (b) He is physically or mentally disabled, or [¶] (c) He is employed and contributing to the family, or applying his earnings to a plan approved by the county department for his further education or preparation for future employment, provided that his earnings set aside for education or training are placed in an irrevocable trust for such purposes, with the county and the parents designated as joint trustees." Section 11455 provides that "If on the first day of the month a child is eligible for aid, aid for the entire month shall be paid."

■ Appellant argues that while subdivision (a) of section 11253 provides for an age limit of 21 years, there is no age limit provided in subdivision (b) of said section dealing with a child who is physically or mentally disabled. Accordingly, she contends that Timothy is entitled to receive aid under AFDC indefinitely. We do not agree with this contention. Section 11253 must be read together with the other sections we have mentioned above. ■ It is well settled that " '[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' " (*Select Base Materials* v. *Board of Equal.,* 51 Cal.2d 640, 645 [335 P.2d 672]; *Stafford* v. *L. A. etc. Retirement Board,* 42 Cal.2d 795, 799 [270 P.2d 12].)

■ When section 11253 is read in conjunction with sections 11202, 11250, 11251 and 11263, it is clear that it was the legislative intent to terminate benefits under AFDC at the age of 18 years except as provided in subdivision (a) of section 11253 which extends such benefits to a child up to age 21 when he is regularly attending school or a training program.

■ We also observe that, where there is administrative interpretation of a statute such interpretation will be accorded great weight by the courts and will be followed if not clearly erroneous. (*Select Base Materials* v. *Board of Equal., supra,* 51 Cal.2d 640, 647; *Bodinson Mfg. Co.* v. *California E. Com.,* 17 Cal.2d 321, 325-326 [109 P.2d 935]; *Noroian* v. *Department of Administration,* 11 Cal.App.3d 651, 655 [89 Cal.Rptr. 889].) ■ Pursuant to statutory authorization the Department of Social Welfare is empowered to make rules and regulations for the administration of the AFDC program. (§§ 10604, 11209; see *California Welfare Rights*

*Organization* v. *Brian,* 11 Cal.3d 237, 241-243 [113 Cal.Rptr. 154, 520 P.2d 970]; *Ramos* v. *County of Madera,* 4 Cal.3d 685, 694 [94 Cal.Rptr. 421, 484 P.2d 93].) Pursuant to such authority the department has adopted section 42-101 of the Manual of Policies and Procedures which provides that a child is eligible for AFDC benefits until his or her 18th birthday, excepting where the child is regularly attending school or a training program or is enrolled in an institution of higher education until his or her 21st birthday.[2] This regulation is not in conflict with the federal AFDC standards nor is it in conflict with the California statutory scheme providing AFDC benefits.

In the light of this interpretation the termination of Timothy's AFDC benefits was justified. Moreover, such benefits should have been terminated when he reached his 18th birthday rather than upon his attaining the age of 21 years.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

---

[2]Section 42-101 of the Manual of Policies and Procedures, in relevant part, states: ". . . A child is eligible on the basis of age until his 18th birthday only if he is unmarried. . . . Aid may be granted in behalf of a child if he is unmarried and between his 18th and 21st birthdays and is regularly attending school or a training program or if enrolled in an institution of higher education . . . ."