[S. F. No. 8459. In Bank.—December 14, 1917.]

## GERTRUDE E. PERRY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT — DEPENDENCY — WIFE LIVING APART FROM HUSBAND—EVIDENCE.—Where in a workmen's compensation proceeding under the Workmen's Compensation Act it was shown that the deceased person had separated from his wife several years before his death, that she had received nothing from him in years, had not sought and was not relying upon receiving

anything from him, and was pressing a claim for divorce without any provision for support, the evidence was sufficient to sustain a finding of the commission against the claim of the wife that she was "wholly dependent in fact" upon the deceased.

ID.—DEPENDENCY—APPORTIONMENT OF DEATH BENEFITS—AWARD TO DEPENDENT CHILDREN TO THE EXCLUSION OF WIFE.—Under section 19 (d) (2) of the Workmen's Compensation Act, (Stats. 1915, p. 1088), providing that where there is more than one person wholly dependent for support upon a deceased employee, death benefits shall be divided equally among them unless otherwise ordered by the commission, and section 19 (e) of the same act, authorizing the Industrial Accident Commission to apportion death benefits among dependents "in proportion to their respective needs, and as may be just and equitable," and to "order payment to a dependent subsequent in right, or not otherwise entitled, upon good cause being shown therefor," the commission had power to award the total amount of the death benefits to dependent children of the deceased by a woman with whom he was living at the time of his death, and who was not his wife, to the exclusion of his surviving wife, assuming even that under the law the latter must be presumed to have been wholly dependent on him for her support.

ID.—APPORTIONMENT OF DEATH BENEFITS—DISCRETION OF COMMISSION. The question of what disposition of death benefits in any particular case is in proportion to the respective needs of the dependents, and just and equitable, is one of fact, in the determination of which the commission is invested with a large discretion, with which no court should interfere unless it is made clearly to appear that the conclusion is without substantial support in the record.

APPLICATION for Writ of Review against the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Hadsell, Sweet & Ingalls, and F. Harrison Smitton, for Petitioners.

Christopher M. Bradley, for Respondents.

ANGELLOTTI, C. J.—One Clarence H. Perry was killed on November 10, 1916, under such circumstances as to entitle his dependents to a death benefit from his employer under the terms of the Workmen's Compensation, Insurance and Safety Act. Petitioner Hartford Accident and Indemnity Company was the insurance carrier of the employer. The amount of death benefit was fixed by the commission

at $3,050. No question is raised as to the correctness of the award, in so far as the amount is concerned. By its decision the commission awarded all of the same to the two minor children of deceased to the exclusion of petitioner Gertrude E. Perry, who was his wife, and it is claimed the award was in excess of the powers of the commission, and that the wife should be awarded a portion of the death benefit.

The commission, while finding that Gertrude E. Perry was the lawful wife of the deceased, further found that in November, 1913, he "separated from" her and thereafter did not contribute to her support; that she had instituted proceedings for divorce with the result that in October, 1916, an interlocutory decree in divorce was granted her, without any award of alimony, and "that it is in accordance with the respective needs of the dependents of said deceased employee, and is just and equitable that the entire death benefit be apportioned and paid to the" two minor children.

The material facts, as shown by the record, may be briefly stated. Deceased had been married to Gertrude E. Perry some three years, when, in November, 1913, he left her. There is no issue of said marriage. He never thereafter contributed to her support, and she has ever since been entirely dependent on her parents for support. On December 4, 1913, deceased commenced to live with another woman as his wife, and so continued to the time of his death. The two minor children, both girls, are the issue of this union, one being between two and three years of age and the other less than a year. Deceased supported this woman and his two children to the time of his death, and they were wholly dependent on him for support. He left a policy of insurance in the sum of one thousand dollars, payable to the mother of the children, and apparently nothing else. In the year 1916 the wife commenced her action for a divorce on the ground of desertion, not asking for any alimony. She testified that her reason for not seeking alimony was that she thought he was unable to pay any and that "it would be embarrassing to his family" for her to ask for it. She obtained an interlocutory decree in October, 1916, a few weeks before her husband's death. She was at first disposed to relinquish in favor of these children all claim to any part of the award that might be made by the commission on account of the death of her husband, and signed a written waiver and relinquish-

ment in their favor. Acting on such waiver the commission, in the first instance, awarded the whole sum to the minors. She subsequently changed her mind in this regard, and a rehearing having been granted by the commission, she pressed her claim for a portion of the death benefit before that body, with the result already stated. Her claim being disallowed, she seeks relief here. The insurance carrier joins with her, but in no way disputes its liability for the amount of the award.

No question is raised as to the two minor children being conclusively presumed to be wholly dependent for support upon the deceased employee by virtue of the provisions of section 19 (a) (3) of the act, as apparently they were also wholly dependent in fact. The surviving wife claims that the same conclusive presumption obtains as to her by virtue of section 19 (a) (1), which declares such presumption in favor of "a wife upon a husband with whom she was living at the time of his death, *or for whose support such husband was legally liable at the time of his death*" (her claim being based upon the portion we have italicized), and she also claims that the evidence shows that she was so wholly dependent *in fact*. As to the latter claim the commission found against her, and in view of the showing that she had received nothing from him in years, apparently had not sought and was not relying upon receiving anything from him, and was pressing her claim for a divorce from him without any provision for support, it cannot be held that this finding was without sufficient support in the evidence. Solely for the purposes of this decision we shall assume that she comes within the provisions of section 19 (a) (1), hereinbefore quoted, and that by virtue of this law she must be conclusively presumed to have been wholly dependent for support upon deceased at the time of his death. If we so assume, the result is that we have three persons who must be held to have been wholly dependent upon him for support—the surviving wife and the two minor children.

The act provides (section 19 [d] [2]) : "If there is more than one such person wholly dependent for support upon a deceased employee, the death benefit shall be divided equally among them, *unless otherwise ordered by the commission.*" The italics are ours. The same provision, viz., "unless otherwise ordered by the commission," is to be found in other sec-

tions relative to the distribution of the death benefit. By section 19 (e) it is provided as follows: "The death benefits shall be paid to such one or more of the dependents of the deceased, or to a trustee . . . for the benefit of the person or persons entitled, as may be determined by the commission, and the commission may, anything in this act contained to the contrary notwithstanding, apportion such benefits among the dependents in proportion to their respective needs and as may be just and equitable, and may order payment to a dependent subsequent in right, or not otherwise entitled, upon good cause being shown therefor." This provision amply authorizes the commission to award the death benefit among the dependents in such manner as may be in proportion to their respective needs, and just and equitable, even to the total exclusion of one or more of them. It was upon this provision that the action of the commission was based in the case at bar, as is shown by the finding already set forth. The question what disposition in any particular case is in proportion to the respective needs of the dependents and just and equitable is, of course, one of fact, the determination of which is committed to the commission, and in its determination the commission is necessarily invested with a large discretion. Certainly no court should interfere with the determination of the commission in such a matter unless it is clearly made to appear that the conclusion is without substantial support in the record. In the case at bar we are of the opinion that in view of the facts shown by the record, it cannot fairly be held that there is not sufficient support for the conclusion of the commission.

Our view on this point renders unnecessary discussion on any other point.

The award of the commission is affirmed.

Shaw, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.