[Civ. No. 14254. First Dist., Div. One. Jan. 20, 1950.]

STATE COMPENSATION INSURANCE FUND et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, MARIE HUDSON et al., Respondents.

Donald Gallagher and Royle A. Carter for Petitioners.

T. Groezinger and Robert Ball for Respondents.

WARD, J.—This petition for a writ of review was filed by the State Compensation Insurance Fund and Pickering Lumber Company, a corporation, for the purpose of having this court examine and determine the legality of the findings and award of the Industrial Accident Commission in favor of two minors, Joyce Cecilee Hudson and Carol Marie Hudson, in the sum of $7,500 (maximum death benefit under the Workmen's Compensation Act) and payable to their mother, Marie Hudson Bellah, as guardian *ad litem* and trustee.

On November 17, 1948, John C. Hudson sustained a fatal injury arising out of and occurring in the course of his employment as a timber faller with the Pickering Lumber Company, which resulted in his death the following day. The insurance carrier for the lumber company was the State Compensation Insurance Fund, and both the employer and employee were subject to the provisions of the workmen's compensation laws of the state. The deceased was the sole support of his two minor daughters who lived with him and they were his only dependents, though he lived with a woman not his wife, who was the mother of three children. He and his wife had been living apart for four years and by mutual oral agreement he was not contributing anything to her support. She married her present husband, Mr. Bellah, a month after the death of Hudson.

On May 5, 1949, the commission issued its findings and made a death award in the amount of $7,500, payable at the rate of $30 a week to the mother of the two minors, as guardian *ad litem* and trustee, for the support of the minors and not the "surviving widow." The award was based upon maximum wages within the meaning of the Workmen's Compensation Act, as provided in section 4702 of the Labor Code (Lab. Code, 1947 Supp., p. 60). The pertinent part of the section reads as follows: ". . . the death benefit . . . shall not exceed . . . the sum of six thousand dollars ($6,000), except in the case of a surviving widow with one or more dependent minor children, in which case the death benefit shall not exceed seven thousand five hundred dollars ($7,500) . . ." (Subd. (b).) Under the section the amount of the death benefit for total dependency is computed as allowable up to a total of four times the average annual earnings of the deceased employee, which in the present case would be an amount

in excess of $6,000; but the section provides that the award may be increased to a maximum of $7,500 only under the specified exception of "the case of a surviving widow with one or more dependent minor children . . ."

The real question presented on this petition is the amount of the award. It is contended that the award should have been $6,000 instead of $7,500, and that by reason of the award of the additional sum of $1,500 the insurance carrier and the employer to that extent were deprived of property without due process of law. (Cal. Const., art. I, § 13; U. S. Const., art. XIV.) ▮▮▮ Petitioners argue that the legislative intent was to pay death benefits only for dependents of the deceased, and cite cases holding that the intention of the Legislature is to be followed if possible (*Dickey* v. *Raisin Proration Zone No. 1*, 24 Cal.2d 796 [151 P.2d 505, 157 A.L.R. 324]) and that the Legislature is without power to require payment for the benefit of those who are not either injured employees or their dependents (*Commercial Cas. Ins. Co.* v. *Industrial Acc. Com.*, 211 Cal. 210 [295 P. 11]). The legislative intent, however, *is* carried out in this case, as the award was made for the benefit of the dependent minor children though made payable to the surviving widow, who was appointed by the commission as their guardian *ad litem* and trustee.

Under the Workmen's Compensation Act awards are made only for the benefit of surviving dependents. Where there are no dependents no benefit should be awarded. The award here is made for the dependent children and there is no award for the "surviving widow." In the present case the wife is not a dependent. She could not be classified as such in view of an oral agreement that she should live separate from her husband, with no reservation as to support (Civ. Code, § 175).

At the time of Hudson's death the wife was the surviving widow. That is all that the statute refers to, namely, "a surviving widow." Prior to Hudson's death the minors were in fact solely dependent upon the father. Upon his death the minors became dependent upon the "surviving widow," who had previously worked to support herself. The liability which fell upon the surviving widow not only to support the two children but to devote to them the care of a mother and guardian not only reduces the ability of the "surviving widow" to support herself but accordingly reduces her ability to supplement the $6,000 and thereby lengthens the readjustment period. Hence the commission deemed that a necessity had arisen to

award the *children,* not the mother, the additional amount that may be awarded under section 4702. It appears that the language used in section 4702 was selected advisedly. ■ The term "surviving widow" includes a nondependent widow, likewise a dependent widow. If the statute provided only for a dependent widow the commission could not have granted the increased amount to the children. It is not necessary to decide in this case that the mother of the children, whether married or not, is, in the eyes of the law, the surviving widow of the marriage union resulting in the birth of the two children now dependent upon her. The facts of this case show that on the date of the father's death the mother of the children was in fact and in law the surviving widow of the deceased father. The fact that the mother subsequently married her present husband is of no consequence in determining her status on the date of the death of her husband. ■ A court may interpret only where there is an ambiguity. Where the language is clear, certain and unambiguous there is no room for interpretation. That is the case here. When the Legislature wanted to limit awards to dependents it knew how to do so. When it omitted the term "dependent" in section 4702 it must be held that the omission was intentional. Any other rule would mean that this court, even where the Legislature has indicated that when it wanted to limit the power of the commission it knew how to do so, and did so in other parts of this very chapter and section, could determine that because the Legislature should have limited the section here involved it in fact did so. It is sufficient if a court finds a provision in a statute and passes upon the construction of the phrases or words used by the Legislature and not upon a provision that a court may feel should have been inserted. There is no intent herein to hold that a readjustment period is longer for children with a mother than for motherless children. The motherless children problem will be passed upon when presented in a case raising that question upon the facts. The language used in section 4702 fits perfectly the facts of this case.

The writ is discharged and the award of the Industrial Accident Commission is affirmed.

Peters, P. J., concurred.

BRAY, J.—I dissent. I cannot agree to an interpretation of the Workmen's Compensation Act and of section 4702 of the Labor Code, which permits death benefits up to $6,000 only, where there are dependent minor children who are

motherless or whose mother has remarried (and therefore is not a "surviving widow") at the time of their father's death, and up to $7,500, where there are dependent minor children who have a mother who is in nowise dependent upon their father. Taking the phrase "surviving widow with one or more dependent minor children" away from its context in section 4702 and from the Workmen's Compensation Act, the majority finds that there is no ambiguity and hence no room for judicial interpretation. However, taking the section as a whole, it clearly appears that the awards can be made for *dependency* only. In subdivision (a) of the section it states that the death benefit shall in a case of total *dependency* be determined as therein set forth, while in subdivision (b) the method is provided for determining it in a case of partial *dependency*. Section 4703, which determines the right to a death benefit, uses the terms wholly *dependent* and partially *dependent*. Section 4701 (b) states that a death benefit shall be allowed to the "*dependents* when the employee leaves any person *dependent* upon him for support." (Emphasis added.) Article XX, section 21, of the California Constitution, which provides for enactment by the Legislature of a complete system of workmen's compensation, states that it is to compensate the workmen and their *dependents*. Thus, taking the phrase under consideration here in context with the balance of the section and in conjunction with the rest of the act and the Constitution, it is obvious that the phrase is ambiguous and requires interpretation.

The majority opinion concedes that the surviving widow here is not dependent, and hence no award could be made to her; yet it intimates that because support of the children may reduce her ability to support herself, the Legislature intended that the award to the children should be increased. But how about children who are motherless at the time of their father's death? More should be awarded them than to children who have a mother to contribute to their care. It is unrealistic to hold that the Legislature intended to award a larger death benefit to children with a mother, than to motherless children. The "readjustment period," say the majority, in effect, is longer for children with a mother than for motherless children. Patently this is not so. A common sense construction of the act should be adopted by the courts rather than to read into the act a legislative intent that results in the anomalous result here. Such a construction results, in fact, although not in words, in making the widow here a

dependent, which she admittedly is not. It is obvious that the Legislature intended to allow a death benefit up to $6,000 for dependent children alone, whether they were motherless or had a nondependent mother. If they had a dependent mother, the award could be up to $7,500, to be divided between the mother and children as the commission might see fit.