[Civ. No. 25592. First Dist., Div. One. Feb. 4, 1969.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, JOHN SHAUGHNESSY et al., Respondents.

[Civ. No. 25593. First Dist., Div. One. Feb. 4, 1969.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, ROBERT W. SWALL, a Minor, etc., et al., Respondents.

[Civ. No. 25594. First Dist., Div. One. Feb. 4, 1969.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, MARGARET M. MOREY et al., Respondents.

(Consolidated Actions.)

Thomas M. O'Connor, City Attorney, and Donald J. Garibaldi, Deputy City Attorney, for Petitioner.

Everett A. Corten, Rupert A. Pedrin and George J. Engler for Respondents.

ELKINGTON, J.—These three proceedings for review of Workmen's Compensation Appeals Board awards have been consolidated for the purpose of hearing and disposition by this court.

City and County of San Francisco Police Officers Thomas J. Guzzetti (1 Civ. 25592), Frank E. Swall (1 Civ. 25593) and Robert J. Morey (1 Civ. 25594) died as a result of injuries received during the course and scope of their employment. Each officer left surviving him a wife and two or more children under the age of 18 years. Pursuant to the city's charter each widow for more than 10 years has been receiving a monthly allowance because of the circumstances of her husband's death. Within the past two years each of the officers' widows and children has applied for workmen's compensation benefits based on the officers' injuries and deaths.

In the proceedings below, the appeals board concluded that by virtue of Labor Code section 5406[1] the widows and all of

---

[1]Labor Code section 5406, as applicable here, provides that a workmen's compensation proceeding may not be commenced ''more than one year after the date of death, nor more than 240 weeks from the date of injury.''

the then adult children against whom the one year statute of limitations had run were barred from any award. However, in each case, the entire maximum allowable statutory death benefit was awarded to the surviving child or children as to whom the statute of limitations had not run.

San Francisco's charter, section 168.1.6, provides that the portion of any allowance which is paid to or on account of a "person" because of a policeman's death resulting from injury received in the performance of duty, "shall be considered as in lieu of any benefits . . . payable to or on account of such persons [sic] under the [Workmen's Compensation Law] of the State of California, and shall be in satisfaction and discharge of the obligation of the city and county to pay such benefits."[2,3]

In the hearings before the appeals board, San Francisco contended that by virtue of section 168.1.6 of its charter, it was entitled to credit the widows' monthly death allowances heretofore, and currently being paid, against the workmen's compensation awards it was required to pay to the respective minor children. The appeals board denied such credit.

In proceedings 1 Civil 25592 (Guzzetti) and 1 Civil 25594 (Morey) San Francisco seeks review of the described awards to the minor children which include orders of the appeals board denying any credit therefor under the city's charter. In proceeding 1 Civil 25593 (Swall) review is sought only of the order denying the city such credit; the award there is now final and is not before us for consideration.

San Francisco's first contention here is that the appeals board acted in excess of its powers and abused its

[2]The full text of San Francisco's charter section 168.1.6 is as follows: "That portion of any allowance payable because of the death or retirement of any member of said department, which is provided by contributions of the city and county, shall be reduced in the manner fixed by the board of supervisors, by the amount of any benefits, other than medical benefits, payable to or on account of such person, under the Workmen's Compensation Insurance and Safety Law of the State of California and because of the injury or illness resulting in said death or retirement. Such portion which is paid because of death or retirement which resulted from injury received in or illness caused by performance of duty, shall be considered as in lieu of any benefits, other than medical benefits, payable to or on account of such persons under the said. law of the State of California, and shall be in satisfaction and discharge of the obligation of the city and county to pay such benefits."

[3]The so-called "*Fraide* formula" devised by the court in *City of Los Angeles* v. *Industrial Acc. Com. (Fraide)* 63 Cal.2d 242 [46 Cal.Rptr. 97, 404 P.2d 801], to cover situations where death allowances result in part from contributions made by the police officer, concededly does not here apply.

discretion in denying credit for death allowances paid and payable to the police officers' widows against the minor children's workmen's compensation awards.

There seems to be little question of the right of a municipality, under an appropriate charter provision, to take credit for death allowances paid or payable to the same person who is the beneficiary of a workmen's compensation award against the city resulting from the same death. (See *City of Los Angeles* v. *Industrial Acc. Com.* (*Morse*) 63 Cal.2d 263 [46 Cal.Rptr. 110, 404 P.2d 814]; *City of Los Angeles* v. *Industrial Acc. Com.* (*Fraide*) 63 Cal.2d 242 [46 Cal.Rptr. 97, 404 P.2d 801]; *Stafford* v. *Los Angeles etc. Retirement Board*, 42 Cal.2d 795 [270 P.2d 12]; *Lyons* v. *Hoover*, 41 Cal.2d 145 [258 P.2d 4]; *Healy* v. *Industrial Acc. Com.*, 41 Cal.2d 118 [258 P.2d 1]; *City of Oakland* v. *Workmen's Comp. App. Bd.*, 259 Cal.App.2d 163, 166-167 [66 Cal.Rptr. 283].) But here we are dealing with a different matter—an attempt to take credit for death allowances payable to a person *other* than the recipient of the workmen's compensation award.

██ We are required to liberally construe San Francisco's charter in order to carry out the beneficial purposes of its pension provisions. (*Lyons* v. *Hoover, supra,* 41 Cal.2d 145, 149; *McKeag* v. *Board of Pension Comrs.*, 21 Cal.2d 386, 390 [132 P.2d 198].)

██ As we have previously noted, San Francisco's charter section 168.1.6 provides that the portion of any death allowance paid ''to or on account of'' a *''person . . .* shall be considered as in lieu of any [workmen's compensation] benefits . . . payable to or on account of such *persons* [sic].'' (Italics added.) It seems to us that the more probable and reasonable meaning to be gleaned from this language is that credit against death allowances is permissible only for payments on a workmen's compensation award to *the same person* who receives the death allowances.

██ The obvious purpose of San Francisco's charter is to provide a monthly living allowance to the widow of a police officer who dies in the line of duty. If we accept the instant contention of the city we must infer an intent to deprive the widow of this living allowance until such time as the payments she would otherwise have received equal the amount of a workmen's compensation award paid to third persons.[4] This

---

[4]Since a ''dependent'' need not be a member of the decedent's immediate household (see 55 Cal.Jur.2d 86, 92), such a construction could result

period could cover months and even years. Such a construction is unreasonable and unacceptable.

*Lyons* v. *Hoover, supra,* 41 Cal.2d 145, 148, concerned a charter provision of the City of Sacramento substantially comparable to that of San Francisco. It provided: " 'That portion of any allowance payable because of the death . . . of [an] employee . . . shall be reduced . . . by the amount of any [workmen's compensation] benefits payable to or on account of such person, . . .' "[5] An effort was made to credit the portion of a workmen's compensation award paid to a child against his mother's pension allowance. The court stated (pp. 148-149) : "It is clear that if a widow receives all of a compensation award, the portion of her pension allowances provided by the city's contributions can be reduced until the sums withheld equal the total amount of the award. Where, however, a widow receives only part of the award, the critical question is whether the city may take from her pension the amount of compensation payments made to third persons. The charter provides that a pension may be reduced by the amount of any compensation benefits payable on account of the death of an employee and declares that it is the intent that payments under the workmen's compensation law shall be a deductible credit against any allowance under the retirement system. This provision might be construed as contemplating a deduction from a widow's pension of the total amount of an award made to her and third persons, but it also may reasonably be construed as authorizing a deduction from her pension of only such compensation payments as she is entitled to receive. The further statement that double payments shall not be permitted may likewise be reasonably construed as prohibiting duplicate payment of a pension allow-

in the tolling of a widow's death allowance until the withheld payments equal a compensation award to a non-family dependent.

[5]The full text of Sacramento's charter section 173, subsection (j) (see *Lyons* v. *Hoover, supra,* 41 Cal.2d 145, 148) follows: " 'That portion of any allowance payable because of the death or retirement of any such employee which is provided by contributions of the City shall be reduced, in the manner fixed by the City Council, by the amount of any benefits payable to or on account of such person, under the Workmen's Compensation, Insurance and Safety Law of the State of California. It is the express intent that payments under said Workmen's Compensation, Insurance and Safety Law shall be a deductible credit against any allowance under the Retirement System which is provided by contributions of the City payable to or on account of the death of any such person; that double payments, in whole or in part, at the expense of the taxpayers, shall not be permitted.' "

ance and compensation benefits to the same person, but not as requiring deduction from one person's pension of compensation benefits awarded to others." Giving to the charter provision a construction that the widow's pension allowances may be offset only against workmen's compensation payments that *she* was entitled to receive, the court refused to allow the demanded credit. (See also *Barnett* v. *Brizee,* 258 Cal.App. 2d 97 [65 Cal.Rptr. 493].)

 We believe the rationale of *Lyons* v. *Hoover, supra,* to be controlling and applicable here. Accordingly, we hold in the instant case that the appeals board did not act in excess of its powers, or abuse its discretion, in denying credit for death allowances paid or payable to the police officers' widows against the workmen's compensation awards to their children.

The remaining contentions of San Francisco relate only to *Guzzetti* (1 Civ. 25592) and *Morey* (1 Civ. 25594). They do not apply to the now final award in *Swall* (1 Civ. 25593).

 The first of these contentions is based on the provision of Labor Code section 5406 which, as previously indicated, provides: "No such proceedings [for workmen's compensation death benefits] may be commenced more than one year after the date of death, nor more than 240 weeks from the date of injury." Each of the instant proceedings was commenced more than one year after the officer's death and more than 240 weeks from the date of his injuries. Therefore, insists the city, the claims here at issue are barred by the applicable statute of limitations section 5406.

This argument ignores the provisions of Labor Code section 5408. The section recites as relevant: "If an injured employee or, in the case of his death, any of his dependents, is under twenty-one years of age or incompetent at any time when any right or privilege accrues to such employee or dependent under this division, a general guardian, appointed by the court, or a guardian ad litem or trustee appointed by the commission or a commissioner may, on behalf of the employee or dependent, claim and exercise any right or privilege with the same force and effect as if no disability existed. [ ¶ ] No limitation of time provided by this division shall run against any person under twenty-one years of age or any incompetent unless and until a guardian or trustee is appointed. . . ." Here the respective proceedings were commenced contemporaneously with the appointment of guardians ad litem, and

during the minority of the recipients of the awards. The claims are therefore not barred.

We shall now consider San Francisco's contention that the appeals board acted in excess of its powers and abused its discretion in awarding the entire allowable death benefit to the *Guzzetti* minor child ($8,750) and the *Morey* minor child ($15,000).

The question of dependency under the workmen's compensation law is "determined in accordance with the facts as they exist at the time of the injury of the employee." (Lab. Code, § 3502; *Granell* v. *Industrial Acc. Com.*, 25 Cal.2d 209, 214 [153 P.2d 358].) At the time of his death Police Officer Guzzetti left surviving him his wife and two children under the age of 18 years. Officer Morey was survived by his wife and three minor children. By virtue of Labor Code section 3501 each of these survivors was "conclusively presumed to be wholly dependent for support upon [the deceased police officer]."

Labor Code section 4703 provides, as applicable here: "*Subject to the provisions of section 4704,* this section shall determine the right to a death benefit. . . . If there is more than one person wholly dependent for support upon a deceased employee, *the death benefit shall be divided equally among them.*" (Italics added.) Section 4704 provides, as relevant: "*The commission may set apart or reassign the death benefit to any one or more of the dependents in accordance with their respective needs and in a just and equitable manner,* and may order payment to a dependent subsequent in right, or not otherwise entitled thereto, upon good cause being shown therefor." (Italics added.)

The parties concede that no showing was made below that the needs of the youngest child in either of the instant cases was any greater than the needs of the other surviving dependents.

It is the clear intent of the statute that wholly dependent survivors shall share equally unless the appeals board in its discretion shall determine that their respective needs differ. Upon such a determination the apportionment must be made "in a just and equitable manner." Speaking of the parent statute to section 4704 (with substantially the same language), the court in *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.*, 124 Cal.App. 303, 307 [12 P.2d 647], stated, "[W]e think it is beyond debate that it designated *prima*

*facie* who should receive benefits, but that it also vested in the Commission a discretion to change or vary from the statutory rule as the circumstances might demand.'' Referring to the same earlier statute the court in *Perry* v. *Industrial Acc. Com.*, 176 Cal. 706, 710 [169 P. 353], stated: ''The question [of] what disposition in any particular case is in proportion to the respective needs of the dependents and just and equitable is, of course, one of fact, the determination of which is committed to the commission, and in its determination the commission is necessarily invested with a large discretion.''

The wide discretion exercised by the appeals board is nevertheless a ''judicial discretion'' to be exercised according to the fixed principles applying to courts generally. (See *Martin* v. *Alcoholic Beverage etc. Appeals Board,* 55 Cal.2d 867, 875 [13 Cal.Rptr. 513, 362 P.2d 337].) *Martin,* iterating principles earlier announced by the court, stated (p. 875): '' 'The mere fact that a court may have jurisdiction to make an order does not equip it to exercise *judicial discretion.* Its acts must not only be confined within the field of *discretion* but must also be of a character within the bounds of the limiting adjective ''judicial.'' *To exercise that power all the material facts in evidence must be both known and considered, together also with the legal principles essential to an informed, intelligent, and just decision. . . .' '* (Italics of preceding sentence supplied.)

By virtue of section 4703, such facts as were in evidence before the appeals board, indicate equal entitlement of all dependents, widows and children, as of the dates of the police officers' injuries and deaths, to the death benefit awards. Section 4704 allows setting aside or reassignment of such death benefits, to any one or more of the dependents in *accordance with their respective needs and in a just and equitable manner.* It does not appear that the appeals board's decisions were reached in the informed, intelligent and just manner, after consideration of all material facts, as required by *Martin* v. *Alcoholic Beverage etc. Appeals Board, supra.* Nor can it be said that the setting aside or reassignment was made to the dependents in accordance with their respective needs or in a just and equitable manner as required by Labor Code section 4704. Instead the entire awards seem to have been made to the respective minor children in order to deny to San Francisco the benefit of the statute of limitations (Lab. Code, § 5406) which could have been asserted against other

dependents who, under the law and the evidence, were equally entitled to share the awards.[6]

We must and do conclude, under the facts and circumstances of the two cases immediately before us, that the awards therein were unreasonable, an abuse of discretion and in excess of the power of the appeals board. This conclusion in no way abridges the power of the appeals board, here, or in any other case, in its discretion and on a proper record to set apart or reassign a death benefit award as permitted by section 4704.

We have been asked to consider the power of the appeals board, in proceedings subsequent to its awards, to "set apart and reassign" under section 4704 such portions of the death benefits in 1 Civil 25592 (Guzzetti) and 1 Civil 25594 (Morey) which, but for the statute of limitations (§ 5406), would already have been paid to the widows and other dependents.

It is urged that later reassignments of such portions to a dependent against whom the statute of limitations has not run would operate to deny to San Francisco the benefit of the statute of limitations. Further it is insisted that a reassignment of benefits which would previously have been paid to the widows had the statute not run, and against which the city could have taken credit on its pension allowances, would frustrate the double recovery provisions of the city's charter.

It appears to us that this question should be resolved; otherwise in these as well as in other cases, future litigation probably will result. (See *Lowe* v. *Ruhlman,* 67 Cal.App.2d 828, 833-834 [155 P.2d 671].)

It has been held that statutes of limitations "are vital to the welfare of society and are favored by the law . . . to be viewed as statutes of repose, and as such constitute meritorious defenses." (*Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 636 [250 P.2d 669, 48 A.L.R. 1308]; *Scheas* v. *Robertson,* 38 Cal.2d 119, 125-126 [238 P.2d 982].) The right of a person to defeat the assertion of a stale claim against which the statute has run, is in the nature of a "vested right." (*Security First Nat. Bank* v. *Sartori,* 34 Cal.App.2d 408, 414 [93 P.2d 863]; *Hendershott* v. *Shipman,* 124 Cal.App.2d 561, 564 [269 P.2d 113].)

---

[6]We note that in the Swall proceedings (1 Civ. 25593) discussed *ante,* that the entire maximum allowable award also was made to the only dependents against whom the statute of limitations had not run at the time of the commencement of the proceedings.

 Labor Code section 5409 provides that the statute of limitations prescribed by section 5406 "operates to bar the remedy and not to extinguish the *right*." (Italics added.)

 The right of each dependent, whether or not as to him or her the statute of limitations has run, is the right to an equal portion of the death benefit as provided by section 4703, unless the appeals board for good cause sets apart or reassigns as permitted by section 4704.[7]

 Labor Code section 4702 provides that "The death benefit in all cases shall be paid in installments in the same manner and amounts as temporary disability indemnity, payments to be made at least twice each calendar month, unless the appeals board otherwise orders." Sections 4650-4653 relate to the "manner and amounts" of temporary disability indemnity payments. Generally they provide that the amount of such payments is 65 percent of the average weekly earnings of the employee (§ 4653), that payments shall be made for the period commencing on the eighth day after the injury becomes permanent (§ 4650), and not less frequently than twice in each calendar month (§ 4651).

It thus appears that while by virtue of section 4704 the dependents have no right to fixed and certain future payments, they do have a right, as they become due, to the amounts fixed by sections 4650-4653, or as otherwise ordered by the appeals board under section 4702.

Each dependent having a right to such amounts as they become due, it follows that it is beyond the power of the appeals board to thereafter set apart or reassign the sum of the past due amounts. The fact that any dependent has lost the remedy to compel payment by the city cannot reasonably enlarge the power of the appeals board.

 Upon further proceedings the appeals board, in its awards, will apportion the shares of *all* dependents in the manner provided by sections 4703-4704. Thereafter, in its discretion, as permitted by law and section 4704, the appeals board may set apart or reassign the share of any dependent; provided, however, that as to any dependent whose remedy is barred by the statute of limitations, the amount then subject to such setting apart or reassignment shall be no more than the fund which would have remained had death benefit pay-

---

[7] If the benefits are in fact set apart or reassigned under section 4704, the respective rights of the dependents would, of course, be determined by that order.

ments in fact been made to such barred dependent from the date of the award.

Our resolution of this point gives full effect to the right of the appeals board to set apart or reassign under section 4704. It also renders San Francisco not liable for compensation payments to which the barred widow and children have acquired a "right," thus giving effect to the "double recovery" provisions of the city's charter.

The awards of the Workmen's Compensation Appeals Board in 1 Civil 25592 (Guzzetti) and 1 Civil 25594 (Morey) are annulled; the appeals board will take further proceedings therein not inconsistent with the views herein expressed. The order in 1 Civil 25593 (Swall) denying credit for death allowances paid or payable to Phyllis C. Swall, against workmen's compensation benefits payable to, or for the benefit of, certain children of Frank E. Swall, is affirmed.

Molinari, P. J., concurred.

SIMS, J.—I concur in the judgment affirming the award in 1 Civil 25593 (Swall), and in remanding 1 Civil 25592 (Guzzetti), and 1 Civil 25594 (Morey) to the appeals board. For the reasons set forth herein I would curtail the appeal board's power to set apart or reassign the portion of the compensation death award which presumptively would have gone to the widow at death, because she has received payments under the city's retirement system. Conversely, I would limit the city's right to question the right of the appeals board to reapportion the interest, which, but for the statute of limitations, might have passed to some other dependent who has not been the recipient of other payments from the city.

These cases involve a conflict between the power conferred upon the Workmen's Compensation Appeals Board to "set apart or reassign the death benefit to any one or more of the dependents" of a deceased employee, and the right of an employer to prevent double payment for death resulting in the course of employment by a deduction of compensation death benefits from the amount of death benefits otherwise payable under a retirement system, or by seeking credit against compensation death benefits for such death benefits which have been already paid. I conclude that the interests of the dependents and the interest of the employer may best be reconciled by requiring the appeals board to recognize the

share of the compensation benefit payable to a dependent widow who is receiving, or has received, a retirement allowance, when there is no evidence of good cause, other than the right to such allowance, to show that any other dependent had a greater need than the widow. Accordingly, the employer should be given credit for that portion of the compensation death benefit which the widow should have received to the extent that the employer has actually made retirement allowance payments to her.

The powers now found in Labor Code section 4704[1] have been construed as follows: ". . . the provisions . . . are very broad. In effect they provide that notwithstanding any other provision of the act, but within the maximum liability of the employer as provided by the statute and in the amount found by the Commission to be due to dependents, the Commission may reapportion and reassign the death benefits to such dependents 'in accordance with their respective needs and as may be just and equitable', and may order payment to a dependent 'not otherwise entitled, upon good cause being shown therefor'. . . . So long as dependents of the deceased employee survive it would seem that the employer is in no position to complain provided the discretion of the Commission under the statute be not abused." (*California Cas. Indem. Exchange* v. *Industrial Acc. Com.* (1930) 211 Cal. 218, 221 and 222 [295 P. 34]. See also *Rivieccio* v. *Bothan* (1946) 27 Cal.2d 621, 627 [165 P.2d 677]; *Granell* v. *Industrial Acc. Com.* (1944) 25 Cal.2d 209, 213-214 [153 P.2d 358]; *Perry* v. *Industrial Acc. Com.* (1917) 176 Cal. 706, 709 [169 P. 353]; *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.* (1932) 124 Cal.App. 303, 311-312 [12 P.2d 647]; and cf. *Christian* v. *City of Oakland* (1967) 32 Cal. Comp. Cases 201.) Although an award to the dependent surviving wife is barred by failure to file a timely claim (see *Ruiz* v. *Industrial Acc. Com.* (1955) 45 Cal.2d 409, 411-414 [289 P.2d 229]; and *Glavich* v. *Industrial Acc. Com.* (1941) 44 Cal.App.2d 517, 520 [112 P.2d 774] [disapproved on other grounds, *Cross* v. *Pacific Gas & Elec.*

---

[1]Labor Code section 4704 provides as follows: "The commission may set apart or reassign the death benefit to any one or more of the dependents in accordance with their respective needs and in a just and equitable manner, and may order payment to a dependent subsequent in right, or not otherwise entitled thereto, upon good cause being shown therefor. The death benefit shall be paid to such one or more of the dependents of the deceased or to a trustee appointed by the commission or a commissioner for the benefit of the person entitled thereto, as determined by the commission."

*Co.* (1964) 60 Cal.2d 690, 694 [36 Cal.Rptr. 321, 388 P.2d 353]] and cf. *Bianco* v. *Industrial Acc. Com.* (1944) 24 Cal.2d 584, 591 [150 P.2d 806]) an award to the dependent children is proper because limitation provisions are tolled by the provisions of section 5408. (*Glavich* v. *Industrial Acc. Com., supra,* 44 Cal.App.2d 517, 521-526. See also *City & County of San Francisco* v. *W.C.A.B.* (*Long*) 33 Cal. Comp. Cases 9 [writ denied 1/17/68, 1 Civ. 24946 (Div. 1)]; *City & County of San Francisco* v. *W.C.A.B.* (*Swall*) 32 Cal. Comp. Cases 401 [writ denied, 10/23/67, 1 Civ. 24571 (Div. 2)]; *Consolidated Freightways* v. *W.C.A.B.* (*Howell*) 32 Cal. Comp. Cases 320 [writ denied 8/30/67, 1 Civ. 24462 (Div. 3)]; *City of Oakland* v. *I.A.C.* (*Barnett*) 30 Cal. Comp. Cases 398 [writ denied 12/10/65, 1 Civ. 23063 (Div. 3)]; *City of Los Angeles* v. *I.A.C.* (*White*) 29 Cal. Comp. Cases 226 [writ denied 10/6/ 64, 2 Civ. 28563 (Div. 3)]; but cf. *Van Pelt* v. *City & County of San Francisco* (1968) 33 Cal. Comp. Cases 138, and *City & County of San Francisco* v. *W.C.A.B.* (*Van Pelt*) 33 Cal. Comp. Cases 254 [writ denied 5/3/68, 1 Civ. 25460 (Div. 3)]; and *Barnett* v. *Brizee* (1968) 258 Cal.App.2d 97, 98 [65 Cal.Rptr. 493].)

In *City of Los Angeles* v. *Industrial Acc. Com.* (*Fraide*) (1965) 63 Cal.2d 242 [46 Cal.Rptr. 97, 404 P.2d 801], the court stated, ''. . . we cannot properly sanction 'double recovery' for the employee'' (*id.,* p. 253) under provisions of the Los Angeles City Charter governing disability pensions for retirement following work-incurred disability, and under the Workmen's Compensation Act. It permitted the city a partial credit against workmen's compensation to the extent that the disability retirement pension payments represented contributions by the city. (*Id.,* p. 254. See also *Healy* v. *Industrial Acc. Com.* (1953) 41 Cal.2d 118, 122 [258 P.2d 1]; and *City of Oakland* v. *Workmen's Comp. App. Bd.* (1968) 259 Cal.App.2d 163, 166-168 [66 Cal.Rptr. 283]; *Gallagher* v. *City & County of San Francisco* (1968) 33 Cal. Comp. Cases 145, and *Gallagher* v. *W.C.A.B.* (*City & County of San Francisco*) 33 Cal. Comp. Cases 445 [writ denied 8/1/68, 1 Civ. 25466 (Div. 2), hearing in S.Ct. denied 8/28/68]; and cf. *Stafford* v. *Los Angeles etc. Retirement Board* (1954) 42 Cal.2d 795, 797-800 [270 P.2d 12]; *Lyons* v. *Hoover* (1953) 41 Cal.2d 145, 148-149 [258 P.2d 4]; *Barnett* v. *Brizee, supra* (1968) 258 Cal.App.2d 97, 98-100 [65 Cal.Rptr. 493]; *O'Brien* v. *City of San Jose* (1960) 180 Cal.App.2d 609, 614-

615 [4 Cal.Rptr. 744]; *Holt* v. *Board of Police etc. Comrs.* (1948) 86 Cal.App.2d 714, 719-720 [196 P.2d 94]; and *Lopez* v. *City of Los Angeles* (1968) 33 Cal. Comp. Cases 595 [9/16/68, 2 Civ. 31612 (Div. 5)].)

In *City of Los Angeles* v. *Industrial Acc. Com. (Morse)* (1965) 63 Cal.2d 263 [46 Cal.Rptr. 110, 404 P.2d 814], the court recognized that it might be unreasonable (see Lab. Code, § 5952, subd. (c)) to commute the compensation death benefits (See Lab. Code, § 5100, subd. (a)) when the employer city would otherwise be entitled to a credit against the compensation award for payments on the widow's payment under the city charter. The court observed: ''The order of commutation does not purport to, nor could it, directly adjudicate the city's liability under the pension plan. The commission did, however, look to the practical effect of commutation on the pension liability. The commission's order essentially rests on the theory that the employee should receive both full compensation and pension payments. We have held in *Fraide* that this theory is erroneous: that the city is entitled to a partial credit against workmen's compensation. The city, therefore, may be entitled to a credit on future compensation liability or may be entitled to reduce future pensions which it may pay to Mrs. Morse.'' (63 Cal.2d at p. 264. See also *Christian* v. *City of Oakland, supra,* 32 Cal. Comp. Cases 201.)

In *Van Pelt* v. *City & County of San Francisco, supra,* 33 Cal. Comp. Cases 138, the employer waived the statute of limitations and the appeals board allowed the employer credit against the share of the compensation death benefit which would have gone to the widow for death allowances which had been made to her under the city's retirement system, and denied any credit as against the share of the compensation death benefits awarded to a minor dependent. (Cf. *Lyons* v. *Hoover, supra,* 41 Cal.2d 145, 148-149.)

As a general proposition it may be said that in the above cases the deceased employee rendered his services to the employer with the understanding that there would be no double payment to his surviving widow. The employer for its part undertook to pay the widow the difference between ''any benefits other than medical benefits, payable to or on account of such person under the Workmen's Compensation Insurance and Safety Law of the State of California . . .'' and the total allowance otherwise payable under the city charter. The present decisions of the appeals board subject the city to a

new and further liability. It has been called upon to pay the full death allowance payable to the widow under the charter provisions, and in addition, to pay the full benefits payable under the Workmen's Compensation Act.

It is recognized that the benefits under theWorkmen's Compensation Act are nonassignable. Therefore, the employer cannot be recognized as an assignee of the widow's rights. (See Lab. Code, § 4900; and *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.* (1959) 170 Cal.App.2d 412, 422-423 [339 P.2d 225].) Moreover, "If . . . there is any conflict between charter provisions and the compensation provisions of the Labor Code, the latter must prevail." (*Healy* v. *Industrial Acc. Com., supra,* 41 Cal.2d 118, 122.) Nevertheless, *Healy* recognizes that benefits received from the employer to which the employee has not contributed may be credited against compensation payments where provision is made for such credit under local law (41 Cal.2d at pp. 121-122); and *Fraide* (63 Cal.2d at pp. 253-254) and *Morse* (63 Cal.2d at p. 264) indicate that such credit must be given. In *Fraide* the court observed, ". . . we cannot overlook the fact that the city's tax monies constitute an important source for the pension fund. To permit the city a partial credit . . . [in the same ratio as its contributions bear to the total contributions to the pension fund] is to dispose of the case upon the basis of the exact equities of the contending parties." (63 Cal.2d at p. 254.) It would appear, therefore, that the provisions of the general law and the local law must be reconciled where it is possible to do so without doing violence to the former.

In the light of the foregoing, it is concluded that the employer-city who has made pension payments to a surviving widow is entitled to assert that, in the absence of evidence to the contrary, the widow at the time of death was entitled to the share of the benefits provided by section 4703 of the Labor Code, and that it is entitled to a credit against the total fund to the extent it has made pension payments on account of the death of its employee. The appeals board cannot shift the incidence of the benefits on the sole ground that the family of the decedent should receive both full compensation and pension payments. (See *City of Los Angeles* v. *Industrial Acc. Com. (Morse) supra,* 63 Cal.2d at p. 264; and *Hallisy* v. *W.C.A.B. (City & County of San Francisco)* 33 Cal. Comp. Cases 317 [writ denied 6/5/68, 1 Civ. 25349 (Div. 2)].) The failure of the widow to claim her share of the compensation

benefits should not deprive the employer of his right to prevent double recovery, any more than should the widow's attempt to commute the death benefits.

The foregoing permits the appeals board to consider other evidence of the respective needs of the dependents recognized in section 4703, as is expressly provided in section 4704. Without performing a labored analysis of the general law and the local law, it is possible to envision circumstances where the widow entitled to a pension may not be entitled to compensation (See *Granell* v. *Industrial Acc. Com., supra,* 25 Cal.2d 209, 214-215; and *State Comp. Ins. Fund* v. *Industrial Acc. Com.* (1950) 95 Cal.App.2d 671, 673 [213 P.2d 518].) There may also be circumstances under which it would not be "just or equitable" to grant the surviving wife any portion of the compensation benefits. (See *Perry* v. *Industrial Acc. Com., supra,* 176 Cal. 706, 709; and *Rivieccio* v. *Bothan, supra,* 27 Cal.2d 621, 627.) In the instant cases there is no evidence to show good cause at death to distribute the death benefits other than is provided in section 4703. It is also noted that the rule herein promulgated does not prevent reassignment of the benefit with consequent loss of credit to the employer where there would be good cause for such reassignment, such as the death of the surviving widow. (See *California Cas. Indem. Exchange* v. *Industrial Acc. Com., supra,* 211 Cal. 218, 221-222.)

There remains for consideration the disposition of the shares of the death compensation benefit which, under the provisions of section 4703 would have gone to any of several children whose claims are barred by limitations. At first blush consistency would appear to indicate that these shares should be apportioned at the time of death and be lost unless claimed. There are, however, no equitable circumstances arising by virtue of the relationship between the employer and the employee which require such a result in order to reconcile general and local law. "So far as the employer was concerned, its liability to dependents was fixed at a definite amount by the Commission within the statutory maximum. This amount became a fund for the benefit of the dependents of the deceased, to be administered according to their needs, and within the wise discretion of the Commission." (*California Cas. Indem. Exchange* v. *Industrial Acc. Com., supra,* 211 Cal. 218, 221; see Lab. Code, §§ 4701-4706.) The city is protected against double payment by allowing the employer an

offset against amounts which would have been payable to the surviving widow. Recognizing the appeals board's discretion to shift the benefits from one child to another does not increase the burden on the employer. To the contrary, the denial of such a right not only restricts the discretion conferred upon the appeals board by the general law, but also confers a windfall on the employer by relieving it of a portion of the obligation it incurred in connection with the deceased employee's employment. Section 5409 of the Labor Code provides in part as follows: "The running of the period of limitations prescribed by this chapter is an affirmative defense and operates to bar the remedy and not to extinguish the right of the employee." (See also *Glavich* v. *Industrial Acc. Com., supra,* 44 Cal.App.2d 517, 521-522.) The employer by virtue of the provisions of local law has a legitimate interest in preventing a setting apart or a reassignment without good cause in derogation of the rights of the surviving widow. It has no such interest in the setting apart or reassignment of the share of a death compensation benefit as between the children of the employee.

The running of the limitation period of itself may not constitute good cause for setting aside or reassigning the share of a barred claimant to another. Nevertheless, the attainment of majority accompanied by freedom from dependency by one child may warrant the appeals board, in the exercise of its continuing jurisdiction under section 4704, setting aside or reassigning the death benefits, for which the employer is not entitled to credit, to the then remaining minor child or children.

In *Swall* (1 Civ. 25593) the original issues presented to the appeals board were "(1) Credit to the defendant, (2) Division of benefits between the applicants, (3) Earnings, (4) Statute of Limitations." The record of the original hearing, March 2, 1967, indicates: "Submitted, but deferring the issue of credit to the defendant until such time as pending cases on this issue have been determined, either by the Board or by the Court." On March 6, 1967 the referee made an award of $8,750, the maximum death benefits payable at the time of the employee's death in 1955, of which sum $2,500 was set aside to an adult daughter who had filed a claim within one year of obtaining her majority and $6,250 to a minor son. Finding on the issue of credit was deferred. In a petition for reconsideration the city contended that the adult daughter was barred by

failure to file her claim within six months after reaching her twenty-first birthday, and that the referee erred in failing to apportion the benefit pursuant to the provisions of section 4703 among the widow and three children who were the dependents at the date of death. It sought to assert the statute of limitations against the share of those claimants, the wife and a second adult daughter, whose claims were barred. Reconsideration was denied. A writ of review was denied (see *City & County of San Francisco* v. *W.C.A.B., supra,* 32 Cal. Comp. Cases 401) and hearing in the Supreme Court was denied November 22, 1967. Thereupon the city petitioned to reopen the proceedings on the issue of credit. The referee and the appeals board denied the credit on the grounds that the pension paid one beneficiary, the widow, could not be used as a credit to compensation benefits payable to other dependents, the children. Application of the principles of offset promulgated above is barred by the finality of the award to the children in the first proceedings. With that factual background the appeals board properly denied the credit. (*Lyons* v. *Hoover, supra,* 41 Cal.2d 145, 149; and *Barnett* v. *Brizee, supra,* 258 Cal.App.2d 97, 98-100.)

In *Guzzetti* (1 Civ. 25592) the employee, who died in 1955, was survived by his wife, stepson and a stepdaughter. Application was filed by the stepdaughter, then age 19, twelve years later. It was stipulated that the statute of limitations barred the claims of the widow and stepson. The issues were: ''1. Dependency, 2. Credit for retirement benefits paid by defendants, 3. Statute of Limitations.'' The evidence showed that the deceased employee furnished the support for his wife and two stepchildren at the time of his death. The referee ruled, ''As the minor . . . is the only eligible applicant and [*sic*] all benefits are payable to her guardian on her behalf.'' Credit was denied because the retirement pension was paid to the widow not to the children. In its petition for reconsideration the city urged error in failing to apply the statute of limitations to all eligible claimants; in the referee's failure to apportion the award among the dependents at the time of death (Lab. Code, § 4703) so that the eligible dependent would be limited to recovering one-third of the compensation death benefits; and in the failure to allow the city credit for pension payments made to the employee's widow. Reconsideration was granted, but the city's contention was overruled and the award was confirmed. This appeal ensued. Here the award

to the minor child is not final. The award should be annulled and the proceeding remanded to the appeals board for reconsideration to determine, in the light of the principles expressed herein, the share that should have been set apart to the widow at the time of death, and the credit to which the city is entitled against that share by the payment of death allowances, and to set aside or reassign the balance of the award to the eligible dependent.

In *Morey* (1 Civ. 25594) the issues are similar to *Guzzetti*. The deceased employee was survived by his wife and three sons. Applications of the wife and two sons were barred by the statute of limitations. The maximum death benefits, $15,000 under the law in effect on August 3, 1958 when the employee died, were awarded to the minor son without any credit for pension allowances paid the widow. Here again the city contended that the benefits should have been apportioned at the time of death, and that the minor should only recover his share. For the reasons set forth above the award should be annulled and the proceedings should be remanded to the appeals board for reconsideration and determination of the same issues as have been noted in *Guzzetti*.

Petitioner's application and the petition of the respondent appeals board for a hearing by the Supreme Court were denied April 2, 1969.